**Marjorie A. SCHULZ, Appellant,**

**v.**

**Dale D. SCHULZ, Appellee.**

**No. 54934.**

Supreme Court of Iowa.

Feb. 25, 1972.

Kintzinger, Kintzinger, Van Etten & Setter, Dubuque, for appellant.

Fuerste & Carew, Dubuque, for appellee.

UHLENHOPP, Justice.

The question for determination is whether the interests of two boys will be better served by leaving custody with their father or by transferring custody to their mother.

The parties to this case were married in 1957, and two sons were born to them— Steven, now 11, and Brian, now 8. Mrs. Schulz is a sensitive person with strong attachment to the boys. She appears to have high objectives for herself which she has been unable to achieve fully. Mr. Schulz is a man of definite ideas and goals but he perhaps lacks somewhat in sensitivity. Both parties have good morals, work hard, and desire the best for their sons.

Several years ago Mrs. Schulz began to experience emotional problems. Whether this was rooted in some weakness in herself or in stress caused by Mr. Schulz, or both, does not appear. She had no thinking disorders but was depressed and nervous. Relationships in the home became very difficult, and Mrs. Schulz filed a petition for separate maintenance. Mr. Schulz countered with a petition for divorce. On Janu-

ary 5, 1970, the marriage was dissolved. At that time Mrs. Schulz was unable to care for the boys because of her emotional condition. In that decree the court found, "Upon serious consideration, the Court is of the opinion that the affliction visited upon the mother constitutes a peril to the children if she were to have their care and custody and, until she is restored to health, it is in the best interest of the children that they reside with their father who has tendered them a home and with regard to whose qualifications as a father no serious question has been raised." Custody of the boys was awarded to Mr. Schulz, and Mrs. Schulz was granted reasonable visitation rights. Mr. Schulz was given possession of the homestead and was required to pay Mrs. Schulz periodic alimony.

After the decree Mrs. Schulz determined to overcome her emotional problem. She took treatment, secured a job and worked steadily, moved into an apartment, and reduced her intake of tranquilizers to about one per day. She improved to the point where she was able to take care of the boys properly. Part of her motivation, probably a large part of it, was her desire to gain custody of the boys. She had them with her regularly on alternate weekends for visitation.

Meantime, Mr. Schulz took care of the boys in the home, when they were not visiting Mrs. Schulz. He helped them with their school work, cooked for them, provided temporary supervision of them in the morning and afternoon when he was away from home, and helped them become oriented to life with but one parent. The boys adjusted well; Mr. Schulz was successful in his efforts with them.

Eventually Mr. Schulz filed an application to modify the decree to eliminate the periodic alimony and to divide the parties' assets—their jointly-owned home and a small amount of stock. His income was insufficient to pay the alimony and accumulate enough for the boys' higher education, and Mrs. Schulz had an income of her own. Mrs. Schulz filed a counter application ask-

ing custody of the boys. After a full hearing, the trial court on November 12, 1970, reaffirmed the decree as to custody, but divided the parties' assets and terminated periodic alimony. Mrs. Schulz appealed, solely as to custody.

No new principles of law are involved in the suit. We have reviewed the rules in recent cases. Raabe v. Raabe, 191 N.W.2d 551 (Iowa); Sampson v. Sampson, 189 N.W.2d 614 (Iowa); Dunaway v. Dunaway, 189 N.W.2d 480 (Iowa).

Mrs. Schulz presents an appealing case. She is strongly attached to the children, she believes she can do better for them, and she has regained her health in her effort to gain custody of them. It is to be hoped that she will strive to keep herself in health, for the welfare of the boys as well as of herself.

On the other hand, these children are boys, they are now 11 and 8, they have become settled in their lives with Mr. Schulz, they have been with him since January 1970, and they are doing well. Mr. Schulz is an upstanding man, is striving to do well with the boys, and is successful in that endeavor.

The trial court had the parties in court on two occasions, observed them, was thoroughly familiar with the case, and left custody with Mr. Schulz. We are unwilling to disturb its decision. Despite the recital in the original decree on which Mrs. Schulz relies ("until she is restored to health"), we believe the case is ruled by this statement in a reverse situation in Norenberg v. Norenberg, 168 N.W.2d 794, 798 (Iowa): "Except for cogent reasons, this court has been reluctant to permit continuous disturbances of the family life of a minor, and we would hesitate to require Ellen's return to the father's home here, all other things being equal." We think the case is also ruled by Bell v. Bell, 240 Iowa 934, 938, 38 N.W.2d 658, 660 (Iowa) ("the one seeking to take actual custody from the other has the burden of showing some superior claim based on his ability to minister, not *equally,* but *more,* effectively to the child's well-being").

See also Betzel v. Betzel, 163 N.W.2d 551 (Iowa).

The supplemental decree must stand.

Affirmed.

All Justices concur.