**Charles W. SPOTTS, Appellant,**

**v.**

**Margaret Nadine SPOTTS, Appellee.**

**No. 55209.**

Supreme Court of Iowa.

May 11, 1972.

————◆————

Ronald W. Feilmeyer, for Jones, Cambridge, Carl & Feilmeyer, Atlantic, for appellant.

Ronald Eich, Carroll, for Wunschel & Schechtman, for appellee.

REYNOLDSON, Justice.

In 1970 plaintiff (father) filed application for modification of a 1965 divorce decree, praying for custody of four children initially awarded to defendant (mother). He also filed application to have the mother cited for contempt for failing to comply with the decree's visitation provisions. These matters were consolidated for trial. Trial court's decree denied the modification but made no determination of the contempt proceeding. We modify and affirm in part, and remand in part.

I. No unusual legal principles are involved here. We have reviewed the applicable rules in Tschappat v. Kluver, 193 N. W.2d 79 (Iowa 1971); Raabe v. Raabe, 191 N.W.2d 551 (Iowa 1971); Sampson v. Sampson, 189 N.W.2d 614 (Iowa 1971). An extended factual recital will serve no useful function.

No facts surrounding the mother's situation are different from those developed at the divorce trial in 1965. The children, who were then age five, four, three, and six months, are now over six years older.

All of this time has been spent in their mother's home. The trial court had before it substantial evidence these children were well adjusted, happy, and adequately cared for.

In the divorce litigation the father agreed the mother should have custody of these children. His living arrangement and employment at that time would have made caring for them difficult. Since then he has entered into an apparently happy and stable marriage with a wife who brought to his home three youngsters by a prior marriage. Two more children have been born to his present union. His affection and regard for the children of his first marriage is evident. The record shows his home would be a fit and suitable place in which to rear them.

We recently said remarriage of one or both divorced parents with the inevitable resulting impact on the lives of the children may or may not be sufficient to require a change of custody: that each case must be resolved on its own peculiar facts. Eddards v. Suhr, 193 N.W.2d 113 (Iowa 1971). Here the father is better able to provide for the children than at time of the divorce, but trial court could and did reasonably find insufficient evidence was adduced to show such a change of circumstances as would justify a custody modification. We have consistently held the parent seeking to take actual custody from the other has the burden of showing some superior claim based on his ability to minister, not *equally,* but *more,* effectively to the child's well being. Schulz v. Schulz, 195 N.W.2d 131 (Iowa 1972); Bell v. Bell, 240 Iowa 934, 38 N. W.2d 658 (1949). The father's proof failed to carry the necessary burden.

It is plain from the record this mother changed her residence in Nebraska without notifying the father of her new address. For months he did not know the location of his children. There is other evidence of her uncooperative attitude toward his visitations prior to that.

We have said, in Tschappat v. Kluver, 193 N.W.2d 79 (Iowa 1971) and in Wells v. Wells, 168 N.W.2d 54 (Iowa 1969), that custody is not to be awarded either parent as a reward or punishment, a rule to which we still adhere. However, we note this mother's conduct in depriving these children of their right to see and know their father, is a most serious reflection on her capacity to retain custody. We have repeatedly said the best interests of children require a continuing association with their father unless the contrary is clearly shown. Green v. Sherman, 173 N.W.2d 843 (Iowa 1970); Burrell v. Burrell, 256 Iowa 490, 127 N.W.2d 78 (1964); Willey v. Willey, 253 Iowa 1294, 115 N.W.2d 833 (1962). Any continuation of this conduct will furnish ground for similar applications for modification and for contempt citation.

Defendant's counsel should carefully explain to her the visitation rights granted this father by the divorce decree, and the importance of obeying court orders.

The divorce decree filed in this cause in district court is hereby modified. Defendant Margaret Nadine Spotts, at the time of each future move of residence, shall promptly file with the clerk of court of Harrison County an instrument stating her new address. This filing shall be made personally, by counsel, or by certified mail with return receipt requested. This modifying provision shall be in full force and effect until all of these children have left defendant's home or have attained the age of 18.

II. The father asserts trial court should have found the mother in contempt for failing to comply with the visitation rights granted him by the divorce decree. District court's ruling contains no findings with respect to the contempt application, and makes no disposition of that cause. The supreme court has no jurisdiction to entertain an appeal where no final judgment has been entered and no permission to appeal has been obtained. Rule 331(a), Rules of Civil Procedure, 58 I.C.A.; Johnson v. Iowa State Highway Commission, 257 Iowa 810, 134 N.W.2d 916 (1965). This part of the appeal is remanded to trial court for disposition, including findings based upon the evidence adduced in the trial, and judgment.

Modified and affirmed in part; remanded in part.

All Justices concur, except McCORMICK, J., who takes no part.