Sue Evans CRARY, Appellee,

v.

Maury Wetzel CURTIS, Appellant.

No. 55395.

Supreme Court of Iowa.

July 18, 1972.

Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Leff, Leff & Leff, Iowa City, for appellee.

REYNOLDSON, Justice.

On May 18, 1971, plaintiff mother filed application to modify divorce decree, seeking to secure custody of three children from defendant father. Defendant sought modification of other decree provisions, including visitation rights. Each party demanded the other be found in contempt of court and appropriately punished. Trial court on August 6, 1971, modified the decree, awarded plaintiff custody of the two younger children and child support, found defendant in contempt, and imposed no penalty. Both parties appeal. We modify in part, reverse in part, and remand with directions.

These parties were married March 13, 1954. When the divorce was granted on July 1, 1970, custody of the three children, James, age 15, Lacy, age 13 and John, age 10 was awarded to defendant with extensive visitation rights accorded plaintiff. The decree incorporated by reference a detailed stipulation prepared by counsel for these parties, which provided plaintiff should foster and assist to restore the children's acceptance of the custody arrangement, and that she should refrain from all statements, conduct, or action influencing the children against their father. There was evidence to support defendant's claim this provision was necessary because plaintiff had partially alienated the children from him in the pre-divorce conflict.

The defendant's payments to plaintiff of $4000 within seven days following the divorce, $3000 on July 15, 1971, and $3000 on July 15, 1972, were contingent upon plaintiff's good faith compliance with the letter and spirit of those provisions of the decree binding upon her. His failure to pay the second installment of this property settlement was the basis upon which trial court found him in contempt. Plaintiff's failure to comply with the provisions of the decree, including those set out above, furnished grounds for defendant's application to have her cited for contempt, and his assigned reason for failing to make payment.

Plaintiff remarried ten days after the divorce; defendant remarried after this matter was submitted below. The parties stipulated the latter fact could be considered by trial court.

■ I. It was plaintiff's burden to show by a preponderance of the evidence conditions had so materially and substantially changed since the decree that the welfare of these children made expedient or required their custody be awarded to her. Huffman v. Huffman, 176 N.W.2d 859 (Iowa 1970). We have held changed circumstances relied on to obtain modification must be such as were not within the knowledge or contemplation of the court when the decree was entered. Alex v. Alex, 161 N.W.2d 192 (Iowa 1968). The parent seeking to take custody from the other must show some superior claim based on his or her ability to minister, not equally, but more, effectively to the child's well being. Spotts v. Spotts, 197 N.W.2d 370 (Iowa 1972); Schulz v. Schulz, 195 N.W.2d 131 (Iowa 1972).

■ An extended factual recital would serve no purpose. After carefully studying

the long record we conclude plaintiff did not sustain the burden imposed upon her. Certainly her remarriage was contemplated by the stipulating parties, and from the divorce testimony, by the court when custody was then awarded. Defendant's present wife is shown by the record to have a good rapport with the children. Trial court found both homes to be good from a material standpoint and neither one an unfit or improper place for the children.

Plaintiff, apparently realizing no material change of circumstances exists, attacks the custody terms of the divorce decree (entered on recorded testimony and her stipulation), invoking our basic rule the first and governing consideration must be the best interest of the child. Raabe v. Raabe, 191 N.W.2d 551 (Iowa 1971); rule 344(f) (15), Rules of Civil Procedure. Particularly relevant in this factual setting is our language in Simpkins v. Simpkins, 256 Iowa 989, 992–993, 129 N.W.2d 723, 725 (1964):

> "Some contention is made by the plaintiff that she was induced to sign the stipulation by threats of offered evidence of misconduct on her part if the case should go to trial. There is no pleading of duress, and the court made no finding of any. We have pointed out that in any event the stipulation is not of importance here; it is not a matter of contract between the parties. We are considering an application to modify the court's decree. The plaintiff secured her divorce, with certain advantages; in the absence of material change in circumstances she must take its burdens also."

Plaintiff seeks all the advantages of the stipulation and decree secured for her by the same competent counsel representing her here. But from the beginning she obviously intended noncompliance with those decree provisions she thought burdensome. She initiated a campaign to undermine the discipline and routine in defendant's home. She sought to control the daily lives of these children in person and by lengthy daily telephone calls, exhibiting a solicitude not apparent when she left the children alone at night and for days at a time before the divorce. See McNamara v. McNamara, 181 N.W.2d 206 (Iowa 1970). She continually encouraged visitation in her home (in the same city) beyond the too-extensive visitation rights granted by the decree. She solicited the children's assistance in removing by stealth from defendant's home personal property awarded him by the decree. These endeavors resulted in the typical split-custody disadvantages noted in our prior decisions. In Smith v. Smith, 257 Iowa 584, 588, 133 N.W.2d 677, 679 (1965) we said:

> "In many instances such an arrangement proves destructive of discipline. Experience also shows the party who has the children for the shorter period sometimes sows seeds of discontent in them, inculcates in them a spirit of dissatisfaction and rebellion against authority and tries to wean the children away from the party in whose custody the decree placed them."

Neither party is faultless in this matter. Both have made harsh statements concerning the other in the presence of the children. As usual, the children are caught in the cross-fire. There is no indication the original custody award to defendant, absent plaintiff's decree violations, would not be for the children's best interest. Threading through the record are indications of the mother's immaturity, instability and disregard for truth and honesty, both before and after the divorce. She has since assumed, by adoption, the responsibility of rearing her present husband's three children.

II. Plaintiff demanded defendant be held in contempt for alleged refusal to deliver certain items of personal property, refusal to permit her a two-week summer visitation, and failing to pay the 1971 $3000 property settlement installment. Trial court found defendant guilty of contempt in these particulars "by a preponderance of the evidence." The court found such fail-

ure resulted in part from advice of counsel and in part from willful conduct.

The burden of proof in contempt is not merely, "preponderance of the evidence." Proof of contempt must be clear, satisfactory and convincing. American Security Benev. Ass'n, Inc. v. District Court, 259 Iowa 983, 147 N.W.2d 55 (1966); Harkins v. Harkins, 256 Iowa 207, 127 N.W. 2d 87 (1964). While we give weight to trial court's findings we are not bound by them. Huston v. Huston, 255 Iowa 543, 122 N.W. 2d 892 (1963). This record does not support a finding by clear, satisfactory and convincing evidence that defendant willfully failed to provide a two-week visitation in the summer of 1971 (such a visitation did occur) or that he refused to deliver personal property (it was tendered). His failure to pay the installment of $3000 followed plaintiff's willful refusal to cooperate in the custody arrangement, which under the decree was a condition precedent to the payment obligation. While his decision to withhold payment without prior request for court approval or decree modification is not condoned, we do not find his conduct contemptuous under these circumstances.

We cannot, however, approve conditioning property settlement payments upon plaintiff's compliance with trial court's decree. Respect for an order should not be the subject of litigant bargaining adopted by the court; nor should conformity be coerced by reward. We therefore modify the decree in this respect.

III. On the other hand, plaintiff's willful failure to follow the terms of the decree is demonstrated by clear, satisfactory and convincing evidence. The personal property she removed and induced the children to remove from defendant's home was awarded to him, as she well knew. Even after her lawyer advised her it should be returned promptly, she refused to comply.

Turning to the custody arrangement, she testified on cross-examination:

"Q. Well, now, didn't you in the summer of 1970, in substance state words to this effect, 'Just wait and see. I'll get the children back one of these days.' A. I don't remember saying that. I may have, though.

\* &ast; &ast; &ast; &ast; &ast;

"Q. You have done nothing to help them adjust to their new situation? A. I have done nothing to hinder them or help them.

\* &ast; &ast; &ast; &ast; &ast;

"Q. And isn't it a fact that in the summer and fall of 1970 after the divorce, you stated to Mr. Curtis that you didn't intend to abide by the stipulation? A. I may have.

\* &ast; &ast; &ast; &ast; &ast;

"Q. And accordingly, then you told him that you didn't intend to abide by it. Isn't that right? A. That's very possible."

The announced intention of plaintiff to violate the decree was implemented by her conduct, summarized above. She further testified, "I have kept in close contact with the children particularly Lacy, and have talked almost daily with her on the phone. A lot of these conversation were lengthy. I am sure Lacy sometimes would report to me after Mr. Curtis had talks with the children. \* \* \* I have from time to time told the children directly what they should do rather than go through Mr. Curtis or his housekeeper."

We find and hold plaintiff to be in contempt for willful failure to conform to the decree.

IV. We hold, and it is ordered and adjudged:

(1) The modification decree entered below on August 6, 1971, is hereby reversed, including trial court's finding that defendant is in contempt of court.

(2) Appropriate entry of plaintiff's contempt shall be made by trial court. Her punishment for this contempt

shall be held in abeyance by trial court and may be purged by her subsequent good-faith compliance with the divorce decree as modified by this opinion.

(3) All visitation rights granted plaintiff in the divorce decree are nullified and the following provision shall be substituted in lieu thereof.

(4) Plaintiff is given the right to have Lacy and John, and James if he so desires, with her from 10:00 o'clock A.M. Saturday until 6:00 o'clock P.M. Sunday on the first weekend in each month, on Thanksgiving day and Christmas day in even-numbered years, and on New Year's day and Easter Sunday in odd-numbered years. She shall have the responsibility of transporting said children from and back to defendant's home at her expense.

(5) Both parties shall refrain from speaking in a derogatory way concerning the other, or the other's spouse or home, to or in the presence of the children or any one of them.

(6) Plaintiff shall not have or pursue any contact by telephone or otherwise with these children or any of them except during the visitation periods above specified. Any other communications concerning the children shall be made to defendant.

(7) The $3000 payment to be made by defendant on July 15, 1971 shall be paid within 30 days from the date of procedendo herein. The $3000 payment to be made by defendant on July 15, 1972 shall be paid within 60 days from the date of procedendo in this cause. Both installment payments shall be paid without interest through the office of the clerk of the Linn County court. Upon payment of said sums and costs as

hereinafter provided the clerk shall release defendant's bond posted in said office.

(8) Counsel for respective parties are directed to supervise exchange of personal property held by each party and owned by the other, which property shall be forthwith distributed pursuant to the divorce decree.

(9) This cause is remanded to trial court for entry of modification decree in conformance with this opinion.

(10) Costs on appeal are taxed one half to plaintiff and one half to defendant.

Modified in part, reversed in part, and remanded with directions.

All Justices concur, except REES, J., who takes no part.