In re the MARRIAGE of Larry L. LINK and Sherry L. Link.

Upon the Petition of Larry L. LINK, Appellee,

and Concerning Sherry L. LINK, Appellant.

No. 55759.

Supreme Court of Iowa.

March 28, 1973.

Barry M. Anderson, Keokuk, for appellant.

George L. Norman, Keokuk, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP, and HARRIS, JJ.

HARRIS, Justice.

The mother appeals the trial court's denial of her application to change custody of her children. The trial court's denial left the children with their father. We affirm.

The dissolution decree, entered November 12, 1971 awarded custody of two children to the petitioner-father. Respondent-mother appeared personally in court for the original hearing on the petition without counsel. The court asked her at that time if she had sought advice of counsel and advised her she was entitled to be represented by an attorney. She twice responded she did not want an attorney. She wanted a "divorce" and visitation rights with the children. She expressed an interest in nothing more.

The mother's remarkable willingness to consent to the original decree was perhaps prompted by the fact she had already taken up residence with another man. She married him 10 days after the decree of dissolution was entered.

The father works for a trucking enterprise in Fort Madison earning about $148 per week. He maintains a three bedroom home affording each child a separate bedroom. A sister lives nearby and cares for the children when he is at work or gone in the evening.

The mother resides in a trailer court in Cedar Rapids with her new husband and his daughter by a prior marriage. Another child was expected at the time of the hearing on her application to modify. She feels the trailer has adequate space for all. Her present husband works for a manufacturing company and has take home pay of about $170 weekly. This income is supplemented from a tree service business he conducts in his spare time. At the time of hearing the family was considering a move to his father's farm near Wyoming, Iowa.

During the six months following the original decree, Leslie, the elder of the two children, experienced difficulty adjusting to kindergarten. Because Leslie got on well in school in Cedar Rapids the father, to his credit, acceded to the mother's request the children stay with her until the end of the school year. It was understood they would then return to him. Toward the end of April 1972 the father was asked to sign a consent to change custody. His refusal precipitated this application. The children have since resided with the father.

We agree with the trial court's determination that custody should not be changed. Governing legal principles are well established and not in serious dispute.

"It was [mother's] burden to show by a preponderance of the evidence conditions had so materially and substantially changed since the decree that the welfare of these children made expedient or required their custody be awarded to her. Huffman v. Huffman, 176 N.W.2d 859 (Iowa 1970). We have held changed circumstances relied on to obtain modification must be such as were not within the knowledge or contemplation of the court when the decree was entered. Alex v. Alex, 161 N.W.2d 192 (Iowa 1968). The parent seeking to take custody from the other must show some superior claim based on his or her ability to minister, not equally, but more, effectively to the child's well being. Spotts v. Spotts, 197 N.W.2d 370 (Iowa 1972); Schulz v. Schulz, 195 N.W.2d 131 (Iowa 1972)." Crary v. Curtis, 199 N.W.2d 319, 320 (Iowa 1972).

In the light of these rules we believe the trial court was right in refusing to disturb the custody. We do not think the mother has shown any substantial change of circumstances not contemplated with the entry of the decree. The evidence indicates the welfare of the children would be better served if custody is not disturbed.

Affirmed.