### In re the MARRIAGE OF John J. POKRZYWINSKI and Caroline G. Pokrzywinski.

### Upon the Petition of John J. POKRZYWINSKI, Petitioner-Appellant,

### and Concerning Caroline G. POKRZYWINSKI, Respondent-Appellee.

No. 2–56661.

Supreme Court of Iowa.

Aug. 28, 1974.

Johnson, Phelan & Tucker, Fort Madison, for petitioner-appellant.

Hyland & Laden, Des Moines, for respondent-appellee.

Heard before MOORE, C. J. and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This appeal presents troublesome problems concerning two minor children, whose custody was awarded to their father (John) in a dissolution of marriage decree dated October 27, 1972. Ten months later this decree was modified to transfer custody to their mother (Caroline). It is from this order that John appeals.

John and Caroline were married on June 8, 1964. A daughter, Andrea Gay, was born to them on June 29, 1965. Their other child, John Thomas, was born November 11, 1966. We must now decide who shall have these children.

At the time of the dissolution the parties stipulated that John should have "complete care, custody and control of said minor children." The trial court adopted that parental agreement, and it became part of the decree. Caroline seeks to avoid this provision by claiming a change of circumstances since the decree which justifies a transfer of custody to her.

Of course, in such inquiries, all other principles give way to what will serve the best interests of the children. Rule 344(f)(15), Rules of Civil Procedure; Miller v. Miller, 202 N.W.2d 105, 113 (Iowa 1972); Eddards v. Suhr, 193 N.W.2d 113, 116 (Iowa 1971). Caroline has the burden of demonstrating such a modification would inure to the benefit of the children; but it is not enough to show they would be just as well off. It must appear the change would serve their interests *better* than the environment from which she wants to take them. Schulz v. Schulz, 195 N.W.2d 131, 132 (Iowa 1972); Bell v. Bell, 240 Iowa 934, 938, 38 N.W.2d 658, 660 (1949).

At the time of the dissolution, it is clear that Caroline was willing, if not anxious, to take respite from the arduous duties of motherhood. Once it was decided the mar-

riage could not survive, she wanted to complete her education and obtain steady employment. At that time she had no income and no suitable home for herself and her children. Apparently—and understandably, perhaps—the responsibility of rearing the children alone appeared overwhelming. It is not our intention to criticize her attitude. However, because of her willingness to give up the children, they were given over to the custody of John, where they received proper care and attention and were reared with love and affection. Having now straightened out her personal affairs, Caroline wants to take the children from an envirnnment where they are well adjusted and happy simply because she is now ready to do for them what John has done since the marriage failed.

The record at best shows only that she, too, can provide the children now with a suitable home and proper care. The evidence offered by each party is strikingly similar. Each home is clean, neat and modestly furnished. Each parent has shown love and affection for the children. Each has been sincerely and genuinely interested in the progress of the children, both in school and out. The children are neat, clean and well cared for whether in their father's care or during the periods of their visitation with Caroline. With commendable fairness and candor, both John and Caroline concede the other loves the children and each tacitly admits the youngsters would not suffer regardless of the outcome of this contest. Caroline simply says that, while John has done an acceptable job, she could do better.

While the parties themselves were the principal witnesses at the modification hearing, each produced disinterested persons to bolster their respective claims. Caroline's witnesses verfied she was a good mother and could provide a suitable home. They knew nothing of John. John's witnesses approved of him as a devoted and loving father. They knew nothing of Caroline.

■ Few cases have come before us where the evidence is as nearly in equipoise as this one. This is especially significant because our review is de novo. We are not bound by the findings of the trial court although we give weight to them, particularly in matters involving credibility. Rule 344(f)(7), R.C.P.

■ In reviewing the record, it is apparent the trial court, too, found the evidence close and without compelling preponderance in favor of either party. The trial court resolved this evidentiary tie by resorting to the presumption that children of tender years should ordinarily be placed in the custody of her mother.

John challenges this presumption on two grounds—first, that it is not a permissible one in an application to change custody already established (Betzel v. Betzel, 163 N. W.2d 551, 556 (Iowa 1968)); and, secondly, that the presumption is unconstitutional as a denial of equal protection (State ex rel. Watts v. Watts, 77 Misc.2d 178, 350 N.Y. S.2d 285, 291 (N.Y. Family Court, 1973)). It is unnecessary to take up either of these arguments because in a case decided while the one now before us was on appeal we abandoned that presumption. Bowen v. Bowen, 219 N.W.2d 683, 688 (Iowa 1974).

We are persuaded reliance on the presumption was a factor in the award of custody to Caroline. We say this because we find the record totally bare of evidence from which it could be concluded Caroline would afford these children better care, supervision and guidance than John. We have examined the transcript and have given careful attention to the court's findings of fact and conclusions of law. We find no substantial or material change in circumstances affecting the children which would justify a modification of the decree. Page v. Page, 219 N.W.2d 556 (Iowa 1974); Mears v. Mears, 213 N.W.2d 511, 514 (Iowa 1973); Crary v. Curtis, 199 N. W.2d 319, 320 (Iowa 1972); Eddards v. Suhr, supra, 193 N.W.2d at 116.

 Under our familiar rule custody of children who are receiving proper care should not be disturbed in the absence of cogent or compelling reasons. We find none here, and we hold it was error to transfer custody from John to Caroline. Miller v. Miller, supra, 202 N.W.2d at 112; Schulz v. Schulz, supra, 195 N.W.2d at 132; Eddards v. Suhr, supra, 193 N.W.2d at 117; Halstead v. Halstead, 259 Iowa 526, 531, 144 N.W.2d 861, 864 (1966); Betzel v. Betzel, supra, 163 N.W.2d at 556; Scheffers v. Scheffers, 242 Iowa 563, 570, 47 N.W.2d 157, 161 (1951); Jensen v. Jensen, 237 Iowa 1323, 1332, 25 N.W.2d 316, 321 (1946).

We therefore reverse that portion of the modification order and direct that John have custody of the two minor children as provided in the original decree of dissolution of marriage. We also reverse, of course, the provisions of the order directing him to pay child support to Caroline. Caroline's visitation rights are continued as provided in the original decree of dissolution.

The modification order also terminated alimony payments to Caroline as of May 1, 1973, under a formula set out in the decree of dissolution. That part of the order is affirmed.

One other matter remains. John filed an application to modify the decree by requiring support payments from Caroline. This was tried together with her application for change of custody. At the conclusion of the hearing, John's application was dismissed. Since we have restored custody to John, the question of Caroline's obligation to support must be determined. The record before us is inadequate for this purpose. The matter is therefore remanded with directions that evidence be taken solely for the purpose of deciding what amount, if any, Caroline should contribute to the support of her children.

In summary, we hold John should have custody of Andrea Gay and John Thomas; Caroline's rights of visitation shall contin-ue as provided in the dissolution decree; alimony payments to Caroline are terminated as of May 1, 1973; and the case is remanded for the purpose set forth in the preceding paragraph.

Affirmed in part, reversed in part, and remanded with instructions.