Deborah Lee SCHOONOVER, Appellant,

v.

John Franklin SCHOONOVER, Appellee.

No. 55423.

Supreme Court of Iowa.

April 16, 1975.

Rehearing Denied June 16, 1975.

Raymond Rosenberg, Des Moines, for appellant.

Melio A. Tonini, Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Petitioner, Deborah Lee Schoonover, appeals from a fractionated dissolution of marriage decree which, inter alia, ultimately awarded respondent, John Franklin Schoonover, permanent custody of their two minor children. We reverse.

The principals in this controversy were married July 15, 1966 and have since been

seemingly unable to avoid recurrent troublesome discord.

Their children, Patrick Scott and Stacey Luree were born March 24, 1967 and September 12, 1969, respectively.

March 30, 1970, Deborah commenced the instantly involved action thereby seeking, in relevant part, custody of the children and attendant support allowance.

May 8 respondent filed a cross-petition by which he sought the same judicial relief.

December 31, after hearing, trial court entered a decree thereby providing, to the extent here material:

"[T]he Court hereby awards the temporary care, custody and control of the two minor children, to-wit: Patrick Scott Schoonover, born March 4, 1967 and Stacey Luree Schoonover, born September 12, 1969 to the mother, Deborah Lee Schoonover, plaintiff [petitioner] herein, for a period of six months from the date of the Findings of Fact and Conclusions of Law dated September 18, 1970. That at the end of said six month's period, the Court will make a final determination as to the custody of the children. If the plaintiff continues to keep company with Al Banasik, a married man, or if he visits her in her home or if she visits in his home, then the temporary custody awarded to the plaintiff shall terminate and the Court will then proceed to determine the matter of permanent custody."

Respondent was ordered to pay $15 per week for support of each child.

August 16, 1971, petitioner filed an "Application for Supplemental Decree" thereby asking she be granted permanent custody of Patrick Scott and Stacey Luree.

August 17th respondent filed an "Application for Modification" of the December 31, 1970 decree based upon an alleged change of circumstances. By this application respondent sought permanent custody of the children and termination of his child support obligation.

A hearing ensued upon the aforesaid applications and September 3, 1971, trial court found and concluded respondent was entitled to the relief sought by his above stated modification application.

September 7, before attendant decree was entered, petitioner moved the court to amend the September 3 adjudication in such manner as to reveal untoward conduct on the part of respondent and grant permanent child custody to petitioner. Another hearing was held on this motion and respondent's resistance thereto.

January 26, 1972, trial court entered an "Order Modifying Decree" overruling petitioner's motion to amend and further held:

"[D]efendant [respondent], John Franklin Schoonover, be and he is hereby awarded the care, custody and control of the two minor children of the parties, to-wit: Patrick Scott Schoonover, born March 4, 1967 and Stacey Luree Schoonover, born September 12, 1969, and the plaintiff, Deborah Lee Schoonover, is hereby granted such reasonable rights of visitation with the children as not to interfere with their health, welfare and education."

The aforesaid decree also provided the child support previously awarded petitioner be cancelled.

The issue here presented is confined to the matter of custodial rights.

I. Seemingly much of the aforesaid prolix procedural parade was superfluous. Lawler v. Lawler, 175 N.W.2d 103, 109 (Iowa 1970).

A prefatory reference to applicable guiding standards is deemed appropriate.

■ At the threshold we accord weight to trial court's findings but will not abdicate our duty to review the record de novo and determine the issue presented upon the facts disclosed of record. See In re Marriage of Moorhead, 224 N.W.2d 242, 244 (Iowa 1974).

Pivotal factors to be considered in effecting the always difficult subjective determination as to custodial placement of children

34

are set forth in the case of In re Marriage of Winter, 223 N.W.2d 165, 166–167 (Iowa 1974). They need not be here repeated.

█ In this jurisdiction it is well established the status of children should be fixed as soon as possible and thereafter seldom disturbed, then only for the most cogent reasons. See e. g., Stouwie v. Stouwie, 222 N.W.2d 435, 438 (Iowa 1974); Jacobs v. Jacobs, 216 N.W.2d 312, 314 (Iowa 1974); Halstead v. Halstead, 259 Iowa 526, 531–533, 144 N.W.2d 861 (1966).

█ In the same vein we have consistently held, when it appears children are happy, well adjusted, adequately disciplined, and receiving proper care in a suitable home they should not be removed therefrom other than for the most persuasive causes. See e. g., In re Marriage of Pokrzywinski, 221 N.W.2d 283, 286 (Iowa 1974).

█ It is also axiomatic the custody of minor children should not be awarded to or withheld from either parent as reward or punishment. See In re Marriage of Powers, 226 N.W.2d 810 (Iowa 1975); Carey v. Carey, 211 N.W.2d 342, 345 (Iowa 1973).

█ Finally, in this area, the long range best interests of children is the polestar in resolving custodial rights. See In re Marriage of Pokrzywinski, 221 N.W.2d at 284, and citations; Iowa R.Civ.P. 344(f)(15).

II. No useful purpose will be served by attempting to set forth the full array of testimony regarding past conduct of each principal party hereto.

In brief, it discloses Deborah had at one time dealt loosely with the truth in a claimed desperate attempt to retain custody of her son and daughter; she and John were guilty of post-separation indiscretions; and both have been prone to fatuous recriminatory conduct.

Apparently John scattered his attentions among numerous members of the opposite sex. The record also discloses this tempestuous respondent is predisposed to fisticuffs, has been repeatedly involved in brushes with the law, and his past employment status has been sporadic. Furthermore, any plans respondent may have regarding the babysitter home in which to care for the children, if they be committed to his custody, are at best speculative.

█ Looking to the other side of the coin, Deborah apparently associated with one man, Alex Banasik. He, though married when that association originated, was living apart from his spouse. That marriage was dissolved prior to entry of the final decree in the case at bar. This relationship between petitioner and Banasik was clearly the basis upon which trial court granted predetermined conditional custody to Deborah in the first instance, i. e., to never again see or associate with Banasik. But, Deborah's alliance with Banasik was only one factor to be considered, in futuro, in weighing her entitlement to continued custodial rights. See Hagen v. Hagen, 226 N.W.2d 13 (Iowa 1975); In re Marriage of Dawson, 214 N.W.2d 131, 132 (Iowa 1974); In re Marriage of Forest, 201 N.W.2d 728, 729–730 (Iowa 1972). Moreover, no showing is made which discloses any sexual indiscretions by Deborah, either before or after dissolution of the marriage, of such nature as to adversely affect or reflect upon the children.

Finally, the record reveals petitioner is industrious, loves her children, and has provided them a suitable home under trying circumstances where they are clean, happy, properly cared for, and well adjusted.

█ Mindful of the foregoing, our de novo review of the record fails to disclose any basis upon which to conclude the long range best interests of these two children will be served by uprooting them from their long established home with petitioner and attendant placement in an entirely new and uncertain environment.

In light of the foregoing this case must be reversed and remanded for entry of a modified decree (1) awarding permanent custody of Patrick Scott and Stacey Luree

to petitioner, subject to reasonable visitation rights to be accorded respondent as fixed and prescribed by trial court; (2) reinstating, as though never terminated, the judgment previously granted petitioner against respondent for child support; and (3) providing for supervision, under trial court's direction, of petitioner's custody of said children on terms and for such period of time as trial court deems reasonable.

Regardless of the above holding, it is self-evident the instant case has been unduly delayed both as to trial court procedures and those leading to appellate review. This cannot be condoned. See Rule 344.3, Iowa R.Civ.P.

Reversed and remanded with instructions.