**Debra Sue BAKER, Appellant,**

v.

**Michael LeRoy BAKER, Appellee.**

**No. 58622.**

Supreme Court of Iowa.

June 30, 1976.

Ford C. June, III, and Dennis J. Kirkwood, Des Moines, for appellant.

Richard D. Hermann, Ankeny, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP, and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves a contest between a mother and a father over custody of their children.

At the time the trial court dissolved their marriage on August 29, 1975, Debra Sue Baker was 24 and Michael LeRoy Baker was 25. They had been married for several years. Two children were born to them, Matthew, on August 16, 1970, and Amy, on April 19, 1972. In its decree, the trial court awarded custody of the children to Michael. Debra appealed. In this court she challenges only the trial court's custody award.

We must thus again attempt to ascertain the long-range best interest of children. A choice between the parents as the children's custodian must be made here, as the evidence reveals no other realistic alternative for a custodian.

A lengthy recitation of the facts would aid no one. The trial court stated the facts in its findings, with which we agree after examination of the evidence. We have stated and restated principles which govern cases of this kind, e. g., *Schoonover v. Schoonover*, 228 N.W.2d 31 (Iowa); *In re Marriage of Winter*, 223 N.W.2d 165 (Iowa); *In re Marriage of Bowen*, 219 N.W.2d 683 (Iowa), and the conclusions of the trial court indicate that the court endeavored to apply those principles. We no longer give mothers an automatic preference to custody. *In re Marriage of Bowen*, supra. In matters of this kind we necessarily rely to some extent upon the judgment of the District Judge who actually saw and listened to the parties, but we do not abdicate our responsibility to review the case anew. *Schoonover v. Schoonover*, supra.

Fortunately both of these parents love the children and either of them would probably try, according to her or his lights, to be a good parent. After reflecting upon the evidence, however, we agree with the trial court that Michael is the more stable of the two and possesses a more mature view of the responsibilities of parenthood. Although we are not altogether free of apprehension about the decision, we reach the same conclusion as the trial court: the father will probably minister more effectively to the long-range best interest of the children.

AFFIRMED.