Daniel Joseph PEITZ, Appellant,

v.

Patricia Ann PEITZ, Appellee.

No. 2–57885.

Supreme Court of Iowa.

Oct. 20, 1976.

Fehseke & Fehseke, Fort Madison, for appellant.

Johnson, Phelan & Tucker, Fort Madison, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Petitioner appeals from provision of dissolution of marriage decree granting custody of the parties' nine-day old daughter to respondent subject to close supervision by Lee County Department of Social Services and petitioner's reasonable visitation rights. We affirm.

I. The parties were married July 6, 1973 and separated December 3, 1973. At trial time, June 18, 1974, petitioner was 22 and respondent 18 years of age. Their daughter, Paula, was born June 9, 1974. A lengthy recitation of facts would aid no one. Our de novo review of the evidence establishes the court's detailed findings of fact and conclusions of law are correct. The trial court stated: "The record does not indicate the petitioner is capable of caring for a child of this age." Obviously the trial court was apprehensive as there was evidence indicating respondent's immaturity and need for help and guidance. The decree required supervision and regular reports to the trial court by Martha Hatfield of the Lee County Department of Social Services. Thus the door was left open for future modification if found necessary to serve the best interests of the child.

II. The general principles applicable to a child custody issue and the factors to be considered in each case are fully set out in *In Re Marriage of Winter*, Iowa, 223 N.W.2d 165, 166 and need not be here repeated. The factors include, "The characteristics of each child, including age, maturity, mental and physical health" and "available alternatives." Consideration of these factors obviously is difficult in this case.

On the issue here presented we must rely to some extent upon the judgment of the District Judge who saw and listened to the parties but we do not abdicate our responsibility to review this case de novo. *In Re Marriage of McDowell*, Iowa, 244 N.W.2d 238, 239; *Baker v. Baker*, Iowa, 243 N.W.2d 234, 235.

The evidence in this case is such that we do not feel justified in disturbing the decision of the trial court.

III. We disapprove the delay in perfecting this appeal. Both counsel failed to make timely filings as required by our appellate rules. Appellee's six-page brief was filed more than one year after appellant's brief. Appellee's application for allowance of attorney's fees is denied. Costs of this appeal are taxed against appellant.

AFFIRMED.