**8**

In re the MARRIAGE OF John Patrick DAWKINS and Cindy Luann Dawkins.

Upon the Petition of John Patrick Dawkins, Appellee, And Concerning Cindy Luann Dawkins, Appellant.

No. 62807.

Supreme Court of Iowa.

Nov. 14, 1979.

Kirke C. Quinn of Doran, Doran, Courter & Quinn, Boone, for John Patrick Dawkins, appellee.

Richard T. Jordan of Mahoney, Jordan, Mahoney & Donelson, P.C., Boone, for Cindy Luann Dawkins, appellant.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, ALLBEE, and LARSON, JJ.

LeGRAND, Presiding Justice.

This case is here on a petition for further review concerning custody of Cory Dawkins, the minor son of the parties. The district court modified the original decree to transfer custody from the mother (Cindy) to the father (John). On her appeal, the Court of Appeals, with one dissent, reversed, maintaining custody in Cindy. We granted further review, and we now vacate the decision of the Court of Appeals and award custody, as did the trial court, to John.

At the time of the hearing on the application to modify, Cory was almost four years old. The evidence discloses the following facts. The actual care and custody of Cory has been lodged principally with Cindy's parents, with whom she has lived most of the time. Although she has rented apartments in Boone from time to time, she rarely lived there with her son. When she was there, he was almost invariably with her parents. Her employment record is poor. She has had several jobs since the dissolution of her marriage but was either discharged or quit for no apparent reason. At the time of the hearing, she was unemployed and was not seeking work. She has

written three or more insufficient funds checks, which were eventually covered by her parents. She has repeatedly denied her husband his visitation rights with Cory as part of a "dirty tricks" campaign. She has consorted with members of the Last Chapter motorcycle gang, some of whom lived in one of the apartments she had rented. They did serious and senseless damage to the premises, resulting in her eviction by the landlord.

It is apparent she seldom considers what is best for Cory but uses him, rather, to manipulate both her former husband and her parents to accomplish her own purposes. After the application to modify was filed, Cindy claims to have "turned over a new leaf." She admits she did so only under the threat of losing custody of Cory. We are skeptical about the permanency of her "reform."

John, on the other hand, appears to be steady and mature. His employment seems stable. He has remarried, and he and his present wife were expecting a child at the time of the modification hearing. He has living quarters large enough to accommodate both his new child and Cory. He has maintained his child support since the time of the decree and has attempted to visit his son on every visitation day. The only blemish on John's record is his admitted use of marijuana and other narcotics during his marriage to Cindy. He claims he entirely discontinued their use upon his remarriage. His wife, Tamara, is both willing and able to take on the added responsibility of having Cory in her home.

The factors important in deciding custody are catalogued in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). Applying them to this case, we believe the trial court was right and that Cory's long-range interests will be best served by awarding custody to his father. We hold Cindy is not the person to whom Cory should be entrusted.

■ We have not overlooked the fact that Cory is a happy and well-adjusted child, but Cindy gets no applause for this. The credit must go to her parents, who have provided the kind of home and the affection which Cindy should have afforded him. Cindy has given Cory her time and attention only when she was moved to do so. She has refused to take her parental responsibilities seriously. For frequent and extended periods Cory was left with her parents while Cindy pursued her own interests. Her mother concedes Cindy has been less than a good parent but believes she has now changed. This belief is based on the fact Cindy's conduct has improved "tremendously" since the filing of John's application to modify the decree. Even so, much of the responsibility for Cory was borne, not by Cindy, but by her parents. We are not persuaded that the boy's future should depend on his mother's flimsy and tenuous reformation, no matter how well intentioned it might be. We agree with the trial court that John has shown a material change in circumstances affecting Cory's welfare and that his best interests will be served by awarding custody to his father. *See In re Marriage of Brown*, 247 N.W.2d 2, 4 (Iowa 1976); *Davis v. Davis*, 237 N.W.2d 455, 457 (Iowa 1976); *In re Marriage of Pokrzywinski*, 221 N.W.2d 283, 284 (Iowa 1974).

■ Some question was raised in this case whether the court must confine itself to circumstances existing at the time the petition for modification was filed or whether it could consider all facts up to the time of hearing. We believe the latter is the correct view, and we now adopt it as the rule in such cases. *See Stouwie v. Stouwie*, 222 N.W.2d 435, 438 (Iowa 1974); *Staggs v. Staggs*, 250 Iowa 938, 945, 96 N.W.2d 736, 741 (1959). We have reviewed this case accordingly.

DECISION OF COURT OF APPEALS VACATED; ORDER OF DISTRICT COURT MODIFYING DECREE REINSTATED.