In re the MARRIAGE OF Jeane E. WAGNER and James R. Wagner.

Upon the Petition of Jeane E. WAGNER, Appellee,

v.

and Concerning James R. WAGNER, Appellant.

No. 61786.

Supreme Court of Iowa.

Dec. 20, 1978.

the provisions of a dissolution decree granting the petitioner Jeane E. Wagner the custody of four minor children of the parties. We affirm the trial court.

The parties were married on December 14, 1963, and their marriage was dissolved by decree entered September 3, 1974. Prior to the entry of the decree, the parties entered into a stipulation which provided, among other things, that Jeane should be awarded the care, custody and control of the four minor children: Robert, age 8 at the time of the filing of the petition; Daniel, age 7; Dana, age 5; and James, age 1 year.

On December 14, 1977 James filed an application to modify the original dissolution decree, asking that the temporary and permanent custody of the children be placed with him. In his application he alleged that petitioner was unable and incapable of adequately caring for the children, and that there had been a material change in circumstances due to Jeane's mental condition, and hospitalization therefor. Jeane filed her answer, and hearing was held on the issue of the temporary custody of the children, at the conclusion of which the trial court, Judge Clinton E. Shaeffer, placed the temporary custody of the children with James.

On January 27, 1978 James filed an application for an order requiring Jeane to submit to a mental examination. The application was resisted by the petitioner, and was later overruled by the court, Judge Robert Osmundson.

Final hearing on the application to modify resulted in the trial court, Judge Shaeffer presiding, overruling respondent's application and ordering the custody of the children to be returned to Jeane. This appeal ensued.

During the time the parties lived together, they had some considerable difficulty with the behavior of the child Daniel, who was medically diagnosed as a hyperkinetic child. Jeane also experienced problems relating to her mental health, which resulted in her hospitalization on two separate occasions in 1972 and 1973. Her condition was

Timothy S. White and James A. Piersall, Cedar Rapids, for appellant.

Frank S. Mitvalsky of Silliman, Gray & Stapleton, Cedar Rapids, for appellee.

Considered by REES, P. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

REES, Justice.

This is an appeal by the respondent James R. Wagner from a trial court order denying his application for modification of

diagnosed as "a primary affective disorder, manic-depressive illness". Each of the hospitalization episodes which occurred prior to the dissolution lasted slightly more than a month. Following each hospitalization, Jeane's condition was in remission, and she resumed the care and raising of her family.

During the pendency of the action for the dissolution of the marriage, James stipulated that Jeane should have the custody of the children, and was at all times aware of Jeane's mental condition and the diagnosis of Daniel as a hyperkinetic child.

In February of 1975 Jeane suffered a recurrence of her condition, requiring hospitalization for a period of about the same length of time as the previous episodes. At such time the children stayed in James' home, he having remarried. After her discharge from the hospital, Jeane again resumed the care of the children.

There is evidence in the record indicating Jeane, during the latter part of 1977, was having difficulties disciplining and controlling Daniel. She had also received reports from the school officials that Daniel appeared lethargic and that the school counselor feared that he was being over medicated. Prescriptive drugs were being administered to Daniel for his hyperactivity. On October 6, 1977 Jeane requested help from the school counselor because Daniel refused to leave his bed and go to school. There is also evidence that Daniel often fought with his siblings. On November 6 Daniel threatened his mother with a knife and was admitted to St. Luke's Hospital in Cedar Rapids by his treating physician, Dr. Hunter Comly. Daniel had been a patient of Dr. Comly since November, 1976.

In November, 1977 Jeane was again admitted to St. Luke's Hospital for treatment for her mental condition, her prior symptoms having recurred. After being informed of Jeane's admission to the hospital, James went to pick up the children and found the house in a state of disarray. Upon Daniel's discharge from the hospital, he joined the other children in James' home. While Jeane was still hospitalized and the children were living in his home, James filed the petition for modification of the decree.

Conflicting testimony appears in the record concerning the adequacy of petitioner's care of the children and the manner in which she maintained her household. On balance, our review of the record indicates the preponderance of the evidence, in this regard, was favorable to Jeane. The record indicates she initially expressed doubts as to her ability to control Daniel, and further expressed a preference that he be placed in the custody of James. There was also conflicting testimony concerning harassing phone calls allegedly made by Jeane to James and his present wife. James' second marriage occurred in February of 1976 and he advanced his remarriage as a basis for desiring permanent custody of the children. At a hearing on temporary custody of the children, the trial court, noting Jeane's recent discharge from the hospital and her expressed doubts regarding her ability to control Daniel, and being then unwilling to separate the children, continued the temporary custody of all of the children with James.

At the hearing on the merits of the application for the permanent custody of the children, Jeane, as well as several neighbors, testified she was capable of caring for all of the children. James called Dr. Comly to testify and also secured the testimony of Dr. Richard Jenkins, a noted child psychiatrist who had briefly examined the children. Both recommended the children be placed with the father due to the mother's mental condition and Daniel's improvement in the custody of James. It appeared Daniel was no longer in need of medication and his behavior in school had improved.

The court overruled and denied James' application for change of custody, finding that he had not established a change of circumstances sufficient to justify a modification of the terms of the dissolution decree. The court noted that James had knowledge of Jeane's mental condition and Daniel's hyperactivity at the time he entered into the stipulation by which he agreed the custody of all the children be

placed in Jeane, and that he had not shown any change in those conditions since the time of the dissolution. The court found the only change in circumstances shown by James involved his remarriage and his ability to provide a home for the children. The trial court found that there were no cogent compelling reasons to disturb the custody of the children who were receiving proper care and that there were no material, substantial and permanent changes of circumstances relating to the children's welfare that could not have been contemplated by the court, or the parties, at the time of the decree.

The respondent presents the following issues for review:

(1) Did the trial court err in ruling that there had not been a showing of changed circumstances sufficient to justify a modification of the initial decree?

(2) Did the trial court err in denying respondent's motion to require Jeane to submit to a mental examination?

 I. Our review in this matter is de novo. Rule 4, Rules of Appellate Procedure; *In the Interest of Voeltz* (filed November 22, 1978). An independent evaluation of the record tends to support the conclusion of the trial court. The modification of a dissolution decree requires a showing of a change in circumstances since the date of the decree which substantially relates to the welfare of the children and which was not within the contemplation of the parties and the court at the time the decree was entered. *In re Marriage of Melton*, 256 N.W.2d 200, 205 (Iowa); *In re Marriage of Link*, 205 N.W.2d 751 (Iowa). We have said that a remarriage and acquisition of a home for the children are not sufficient to warrant a change in custody. *In re Marriage of Powers*, 226 N.W.2d 810 (Iowa).

Considerable diverse and contradictory evidence was presented to the trial court regarding the best interests of the children. The trial court was in a much better position to evaluate the veracity of the witnesses as to the welfare issue.

Most essential to the ruling of the trial court is the failure of respondent to establish a change in circumstances regarding Jeane's mental condition and Daniel's hyperactivity. While there is substantial evidence in the record regarding the current state of their illnesses, there is no evidence regarding their conditions at the time of the dissolution. Jeane was hospitalized twice before the dissolution and twice after the dissolution, resuming the care of her children after all but the last of the hospitalization episodes. There was expert testimony that after each hospitalization Jeane's condition improved and her illness went into remission. There was no showing that her ability to care for the children since the time of the dissolution had deteriorated or changed in any respect. Similarly, there is a lack of evidence in the record regarding the nature or degree of Daniel's hyperactivity at the time of the dissolution. The trial court noted in comments following arguments of the parties that there was an inadequate evidentiary basis for it to find changed circumstances, much of the testimony being ill-focused and contradictory. The court commented that James had known of both Jeane's and Daniel's conditions at the time of the dissolution, and failed to show a substantial change since that time. Jeane's recurring periods of illness and remission, although not predictable with any precision, were known at the time of the dissolution and must have been taken into consideration by the respondent when he entered into the stipulation granting the custody of the children to Jeane. Absent the requisite showing of a change of circumstances, the court would not have been justified in sustaining the respondent's application to modify the decree.

██ II. With respect to the ruling on respondent's motion for psychiatric examination of the petitioner, such a ruling is discretionary with the trial court, and will not be overturned unless an abuse of discretion is shown. See rule 132, Rules of Civil Procedure. The trial court found that there is a substantial body of expert opinion in the record, which the respondent had available to him for the purposes of cross-exami-

nation, concerning the petitioner's mental health. The respondent did little to controvert the opinions of Jeane's treating psychiatrist, and did not challenge the professional qualifications of the witness.

We conclude trial court did not abuse its discretion in refusing to order the mental examination of the petitioner.

III. Our de novo review of the record results in our conclusion that the trial court was correct in overruling the respondent's application to modify the decree of dissolution respecting the custody of the children. This case is therefore affirmed.

AFFIRMED.