**Marilyn S. DONOVAN, Appellant,**

v.

**Frederick H. DONOVAN, Appellee.**

**No. 55924.**

Supreme Court of Iowa.

Nov. 14, 1973.

James P. McGuire, Mason City, for appellant.

Walter C. Schroeder, Mason City, for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiff appeals from order modifying a divorce decree expanding defendant's rights of visitation with his children and reducing the amount required for their support. We affirm in part, reverse in part and remand.

Plaintiff and defendant were divorced in Cerro Gordo County on October 9, 1969. Plaintiff-mother was awarded custody of their three minor children, Deborah, Douglas and David. Defendant-father was given reasonable visitation rights to be exercised in plaintiff's home and in her presence. Defendant was ordered to pay $325 per month for the support of the children until the youngest reached the age of 21 years.

On November 22, 1971, plaintiff filed an application for contempt citation alleging defendant had failed to pay all the child support and was $2700 in arrears. On December 22, 1971 defendant filed a petition for modification of the divorce decree. He asked for a reduction in child support payments and for specific and liberal visitation rights. By agreement of the parties hearing on the contempt citation was withheld pending disposition of defendant's modification application. We are here concerned only with the trial court's orders made after hearing of defendant's application. Our review is de novo. Rule 334, Rules of Civil Procedure.

Only the parties testified at the hearing of defendant's modification application. Defendant, age 40, testified that for 16 years he had been a United States Postal Service mail carrier and was then grossing $10,157 per year. He expected to receive a $250 per year raise on July 1st. At the time of divorce his gross was $7800. He had remarried, his present wife had part time employment with an income of $100 per month. They have no children. He has pension rights, health insurance and sick leave time established. Sick leave rights guarantee regular wage payment for any time lost because of sickness. He has had for many years some health problems because of a heart condition and diabetes. He has lost only a few days from work as a result thereof. Once he was hospitalized four days.

Deborah at hearing time was 16 years old and had recently married. Douglas was 10 and mentally retarded. David was then three. Plaintiff had refused defendant's request to have the boys with him on Sundays.

Plaintiff testified she had, during the marriage and since the divorce, worked part time for the telephone company. Her net income of approximately $225 to $240 per month had not substantially changed since the divorce. She further testified that since Deborah had left the home the food expense was less but she had an increase in babysitter expense. Douglas requires much special care, including dressing and bathing He is trainable but not educable. At hearing time he was at the level of a three year old. Plaintiff testified that when Douglas became an adult he would require her care. David, then three, was normal and apparently presented no problem of being away from his mother for short periods. Plaintiff's monthly fixed family expenses were approximately $400. This did not include medical, clothing, school or auto repair expenses.

Plaintiff further testified defendant's visitation rights were limited because when she was at work defendant frequently left the children unattended and because of his violence before the divorce. This was denied by defendant.

On March 15, 1972 the trial court filed findings of fact and conclusions of law. The court found that although defendant was not in robust health, as stated in the divorce decree, there was not a material and substantial change of circumstances since entry of the decree and defendant was not entitled to modification of support payments. No mention was made of defendant's application for change of visitation rights.

Defendant filed a motion to reconsider. The thrust thereof was that the court was not aware of his health problems at decree time and therefore they should be considered on his modification application. The court was also requested to decide his request for expanded visitation rights. Plaintiff's resistance reasserted her contention there had been no proof of material and substantial change of circumstances since the divorce decree.

On May 10, 1972 the trial court ruled on defendant's motion to reconsider. Based on the court's lack of knowledge of defendant's health problems at decree time a finding was made that there was a substantial change of circumstances shown. The court ordered child support payments reduced from $325 to $200 per month. The court modified the original decree by granting defendant the right to visit and have the children in his home between the hours of one and eight p. m. for two Sundays each month and to have them one week each summer at a time to be agreed upon by the parties.

I. Plaintiff first asserts the trial court erred in modifying the divorce decree by granting defendant visitation rights outside her home.

■ To justify a change of visitation rights the petitioner must show there has been a change of circumstances since the divorce decree. However as to modification of visitation rights as compared to child custody changes the general rule is that a much less extensive change of circumstances need be shown in visitation right cases. Remsburg v. Remsburg, Iowa, 180 N.W.2d 461, 463; Smith v. Smith, 258 Iowa 1315, 1317, 142 N.W.2d 421, 422.

■ The rationale of the above rule is that the best interest of a child ordinarily requires continuing association with his noncustodial parent unless the contrary is clearly shown. Anthony v. Anthony, Iowa, 204 N.W.2d 829, 833; Spotts v. Spotts, 197 N.W.2d 370, 372; Green v. Sherman, Iowa, 173 N.W.2d 843, 847.

■ Although the record is scant, we believe the present age of the children, defendant's new home environment and the possibility of establishing a better relationship of the boys with their father justify the visitation modification as ordered by the trial court.

■ II. To justify modification of a child support provision some material and substantial change since the date of the decree must be shown in the circumstances of the parties, financial or otherwise, making it equitable that other or different terms be imposed. Spaulding v. Spaulding, Iowa, 204 N.W.2d 634, 635; McDonald v. McDonald, Iowa, 183 N.W.2d 186, 188; Sandler v. Sandler, Iowa, 165 N.W.2d 799, 800; Jensen v. Jensen, 253 Iowa 1013, 1014, 1015, 114 N.W.2d 920, 921 and citations.

■ Our de novo review of the record leads us to the same conclusion reached by the trial court in his first findings of fact and conclusions of law. We need not reach defendant's argument the trial court's lack of knowledge of his physical condition at decree time gives some basis for changing the support provision. We are unable to understand how it is material. Defendant has lost no pay because of sickness. In three years defendant's income has increased approximately 30 percent. The boys, particularly Douglas, need and must have substantial financial help from their father.

We hold defendant failed to prove material and substantial change of circumstances justifying a reduction of child support provisions of the divorce decree. The trial court erred in ordering the change of child support to be paid from $325 to $200 per month.

The modification order as to expanded visitation rights is affirmed. The order for

reduction of child support payments is reversed.

Costs of this appeal are taxed against defendant.

Affirmed in part. Reversed in part. This case is remanded for order consistent with our holdings herein.