In re MARRIAGE OF Cheri A. DECK
and Robert Byron Deck.

Upon the Petition of Cheri A. Deck,
Petitioner-Appellee,

And Concerning Robert Byron Deck,
Respondent-Appellant.

No. 2–69567.

Court of Appeals of Iowa.

Oct. 25, 1983.

Robert B. Deck of Deck & Deck, Sioux City, Iowa, pro se.

Robert E. Beebe of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, Iowa, for petitioner-appellee.

SCHLEGEL, Judge.

Respondent, Robert Byron Deck, appeals the district court's order granting petitioner's application to modify the residence and visitation provisions of the parties' dissolution of marriage decree and denying his application to modify the child custody provisions of the decree. Robert asserts that there is insufficient evidence of a change of circumstances to support either the modification of the visitation rights or the modification of the residence requirements. Robert also asserts that there is sufficient evidence of a substantial change in circumstances to support modification of the custody provisions of the parties' dissolution decree, and it is in the best interest of the parties' child that custody be transferred to him. Cheri asserts that under the provisions of the original decree it was not necessary to show a substantial change in circumstances before removing the parties' child from Woodbury County and that there was sufficient evidence of a substantial change in circumstances supporting modification of the visitation provisions. Cheri also asserts that the trial court was correct in holding there was not sufficient evidence of a change of circumstances modifying custody. We affirm.

The marriage of Cheri and Robert was dissolved by a decree of dissolution filed in Woodbury County on April 16, 1974. Cheri was awarded custody of the parties' two minor children with Robert given the right of visitation with the children at all reasonable times and places. The decree, incorporating a stipulation by the parties, further provided that Cheri shall not take the minor children outside of Woodbury County, Iowa, except for brief stays, without prior approval of the court. The decree was subsequently modified by stipulation setting out specific times for visitation by Robert. Because the parties' daughter is no longer a minor, these proceedings only concern the parties' minor son.

Cheri filed an application for modification of the visitation provisions of the divorce decree and for permission to move the parties' son to Omaha where she had obtained employment. Robert filed a cross-application for modification of the child custody provisions of the decree. The district court granted Cheri's request to temporarily remove the child to Omaha pending resolution of the modification action. Following a hearing, the district court allowed Cheri to permanently remove the child to Omaha, changed Robert's visitation rights, and denied Robert's request for custody.

Our review is de novo. *Hobson v. Hobson*, 248 N.W.2d 137, 139 (Iowa 1976). We give weight to the fact findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

The petitioner, Cheri A. Deck, commendably sought permission from the court before permanently removing the parties' minor child from Woodbury County. Petitioner testified that she had been unable to secure employment in Sioux City but had found work in Omaha, Nebraska, as a personnel manager at a beef fabrication plant. There was evidence that Cheri had held as many as twelve jobs in as many years, but some were part-time jobs she held as second jobs or while she was going to school. She had worked for four to five years at one of the jobs during that period. Although she changed jobs frequently, she had worked most of the time since the dissolution of the parties' marriage. The salary of $15,000 per year, plus health insurance and a yearly bonus, was also higher than what she could have received in Sioux City.

The trial court, although it considered the matter to be in some doubt, concluded that in order for it to approve the removal of the child from the area specified in the decree, it must find there had been a substantial change of circumstances. The trial court further concluded that since a move affects the exercise of visitation rights, the change of circumstances required for modi-

fication was less extensive than that required for a change of custody. *See Donovan v. Donovan*, 212 N.W.2d 451, 453 (Iowa 1973). The trial court then found that there had been a change of circumstances relating to the child's welfare and modified the decree to permit the move to Omaha.

Cheri, on appeal, contends that she is not required to show a change in circumstances under the provisions of the dissolution decree. Robert, on the other hand, asserts that she must show a change of circumstances and that she failed to do so in the trial court. The supreme court in *In re Marriage of Lower*, 269 N.W.2d 822, 825–26 (Iowa 1978), held that a restraining order preventing the removal of minor children from the state was a modification of the original dissolution decree where the original decree did not contain a provision restraining the permanent removal of the minor child. The court placed the burden on the noncustodial parent seeking the restraining order to show a substantial change in circumstances affecting the children's welfare. *Id.* at 826.

The dissolution decree in *In re Marriage of Welbes*, 327 N.W.2d 756, 759 (Iowa 1982), forbade the permanent removal of the minor children from the state except by order of the court. The court, in passing reference, took this to mean "only after notice to [noncustodial parent] and a hearing on [custodial parent's] application." *Id.* at 759. The court noted that this provision provided the noncustodial parent the opportunity to resist the custodial parent's request and to show why that parent should not be allowed to remove their minor children permanently from the state. *Id.* at 759. The parties' stipulation which was incorporated into the dissolution decree provided that "the petitioner shall not take the aforementioned minor children outside of Woodbury County, Iowa, except for brief stays without prior approval of the court." This language does not require Cheri to show a change of circumstances. We believe it was within the contemplation of the court that the minor children might

be leaving the state. The burden of proof, therefore, is on Robert to show that the move would not be in the best interests of the child. The only issue is: Does the move promote the best interests of the child?

 Notwithstanding the fact that the trial court erroneously placed the burden of proof on Cheri, we agree with its decision. Our de novo review of the record shows that Cheri did not have a job in Sioux City and had secured one in Omaha. She sought employment in Sioux City in an attempt to remain there before she obtained her present job. She secured suitable housing in Omaha prior to the move. She also has relatives in Omaha who have agreed to look after Robert, Jr., after school while she is still at work. The primary impact of the move is on the father's visitation which is important and should be promoted whenever possible. She, however, has offered to pay the extra expense of travel for the child in order that visitation not be impaired. Finally, Cheri is better able to provide for Robert, Jr., where she is able to work. See In re Marriage of Lower, 269 N.W.2d at 826. We do not believe a parent granted custody should be prevented from moving to another jurisdiction where the decree merely requires court approval for the move unless there is a specific showing that the move would be against the child's best interests. See In re Marriage of Burgham, 86 Ill.App.3d 341, 345, 41 Ill.Dec. 691, 694, 408 N.E.2d 37, 40 (1980). Robert has not done so in this case.

II.

 Robert requested that custody of Robert, Jr., be transferred to him, alleging that Cheri had proven to be an unfit mother in the eight years since the parties' dissolution. Robert has also remarried and now has three other children. Moreover, Cheri has now moved to Omaha. The supreme court in Hobson v. Hobson, 248 N.W.2d at 139–40, set out the principles which guide us in a change of custody case. A party seeking a change of custody must show a superior claim, based upon an ability to minister to the child's needs more effectively than the custodial parent. In re Marriage of Day, 314 N.W.2d 416, 417 (1982); In re Marriage of Ivins, 308 N.W.2d 75, 78 (Iowa 1981). Moreover, the custody of children who are receiving proper care should not be disturbed in absence of cogent or compelling reasons. Davis v. Davis, 237 N.W.2d 455, 458 (Iowa 1976).

 The respondent's principle evidence was the testimony of the petitioner's neighbors, Mr. and Mrs. Johnson. The trial court stated that although they believed they were telling the truth, it did not find their testimony to be convincing. There was evidence of strong animosity between the Johnsons and the petitioner. The respondent also presented evidence of problems between the petitioner and the parties' oldest child. There was other evidence, however, that respondent's actions had contributed toward that child's problems. More importantly, there was evidence that Cheri and Robert, Jr., had a close relationship and that Robert, Jr., was intelligent, courteous, disciplined, and well adjusted. We believe it was proper to leave the custody of the parties' minor child with petitioner.

III.

Petitioner, Cheri Deck, also requested the court to modify the visitation provisions of the dissolution decree. The original provisions as modified by a subsequent stipulation provided that Robert was to have a right of visitation and to take the children with him from 5:00 p.m. on Friday to 5:00 p.m. on Saturday, plus every other Tuesday from 5:00 p.m. to 9:00 p.m. Robert also had visitation rights on holidays. The trial court modified these visitation rights to allow Robert to have the parties' minor child every other weekend from 8:00 p.m. on Friday to 8:00 p.m. on Sunday. Robert also was given right of visitation with the child for a period of forty-five consecutive days between June 1 and August 1 each year plus visitation over Christmas vacation.

The move by petitioner to Omaha constitutes adequate grounds for modification of the original decree. *In re Marriage of Lower*, 269 N.W.2d at 827. In this case petitioner also is contributing financially to the increased expense of exercising visitation. She is required to pick up the parties' child in Sioux City at the end of visitation periods. The modified visitation provisions are liberal and allow extensive contact between Robert, Jr., and his father. Trips from Omaha to Sioux City every weekend would be unnecessarily disruptive and a revision of the provisions of the original decree must necessarily follow. We affirm the trial court's modification of the visitation provisions.

AFFIRMED.

All Judges concur except DONIELSON and SNELL, JJ., who specially concur.

SNELL, Judge (concurring specially).

I agree with the outcome in this case. However, I disagree as to the burden of proof required by the majority.

The decree in the instant case specifically provided that Cheri was to have custody and she was not to take the children outside of Woodbury County, Iowa, except for brief stays, without prior court approval. According to the majority's holding, it appears she has only to apply to the court for permission to move and, if Robert cannot prove that a move would *not* be in the best interests of the children, Cheri will be allowed to move.

A court issues a decree to make a permanent record on which the parties can rely. *See State v. Lower*, 269 N.W.2d 822, 826 (Iowa 1978). The burden of proof should be on the party wishing to depart from the decree provisions. *See id. Cf. In re Marriage of Frederici*, 338 N.W.2d 156 (Iowa 1983). Therefore, in the instant case, Cheri should have the burden of proving why she should receive the court's approval to move. She should not be allowed to remove the children on a mere whim because the parties stipulated to the restriction in the original decree to prevent that exact occurrence. She should be required to prove that in all the circumstances then prevailing, the best interests of the children require a vacating of the restriction so as to permit her to remove the children from the county. Proper notice and hearing give Robert an opportunity to resist Cheri's request by showing the desired move would not be in the best interests of the children. This standard should be applied to cases in which a dissolution decree restricts a custodial parent's right to remove a child from a geographical area *except upon court approval.*

In the present case, Cheri has met this burden of proof. Therefore, the trial court's decision to grant Cheri permission to leave the county was proper. For the above reasons, I would affirm.

Donielson, J., joins this special concurrence.