**In re the MARRIAGE OF Barbara Jean SMITH and Thomas Wendell Smith**

**Upon the Petition of Barbara Jean SMITH, Appellee,**

**And Concerning Thomas Wendell Smith, Appellant.**

No. 91–1643.

Court of Appeals of Iowa.

Aug. 27, 1992.

John P. Dollar of Bowers, Wilson, Dollar & Kruse Law Offices, Des Moines, for appellant.

Teri Beyer of Hyland, Laden & Pearson, P.C., and Ronald Ricker of Ricker & Sarcone, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

The respondent father appeals the district court's decision denying modification of the physical custody provision of the parties' dissolution decree. The respondent contends the trial court erred in: (1) failing to modify the decree to give him physical custody of the parties' two children; (2) failing to award him retroactive child support for the time the children lived with him; and (3) failing to award him attorney fees. The petitioner-appellee mother requests attorney fees on appeal.

Barbara and Thomas Smith were granted a decree of dissolution on October 28, 1982, awarding Barbara sole custody of the parties' two minor children: Amanda, born April 11, 1978, and Brad, born June 2, 1981. Thomas was granted visitation and ordered to pay child support. Both children lived continuously with Barbara in Des Moines, Iowa, from the time the original decree was filed until October 1990.

In September 1990 Barbara accepted a promotion from her employer, U.P.S., which required her to move from Des Moines to Denison, Iowa. Because Barbara was concerned about the move to Denison and how it would affect the children, she discussed the situation with Thomas, Amanda, and Brad. The children did not want to move from the Des Moines area, so Barbara permitted the children to stay with Thomas on a temporary basis throughout the school year. No agreement to a change in custody was ever made or discussed. Barbara worked in Denison during the week and stayed with the children in

her Des Moines home on weekends. She planned to have the children move to Denison with her after they finished the 1991 school year.

On January 9, 1991, Thomas filed an application to modify the parties' dissolution decree and to place custody of the two children with him. The modification application came as a complete surprise to Barbara. Several days later, Barbara drove to Des Moines, picked up the children, and took them to Denison where she enrolled them in school. The situation was particularly upsetting, and the children were unhappy living in Denison. As a result, Barbara permitted the children to return to Des Moines with Thomas on January 22, 1991; she felt she should allow the children to finish school that year in Des Moines and acclimate the children to Denison during the summer. The arrangement was not to be permanent.

On February 8, 1991, the district court granted temporary custody of the children to Thomas so they could complete the school year in Des Moines. On June 5, 1991, the district court filed an order on Barbara's application for summer visitation permitting the children to spend some time in Denison visiting her. With the exception of this summer visitation, the children remained with Thomas in Des Moines until late October 1991. The district court denied Thomas's application to modify the dissolution decree on October 11, 1991.

The court found: (1) Thomas failed to prove a substantial change in circumstances; (2) Thomas failed to present evidence establishing his superior ability to parent; (3) Thomas failed to produce any evidence indicating Barbara was unfit to minister to the needs of the children; and (4) Barbara had raised the children for the previous eight years in a very commendable fashion. Following the district court's ruling, Thomas sought a stay of transfer of custody from the supreme court which was denied. Thomas has filed this appeal.

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980)).

After examining the record in light of these principles, we conclude Thomas has failed to establish by a preponderance of evidence that Barbara's move from Des Moines to Denison so substantially affected the children's best interests as to necessitate the requested change in physical custody.

> Where there is good reason for moving children in our highly mobile society a change in the custodial parent's geographic location is not justification in itself for change of custody. *In re Marriage of Weidner*, 338 N.W.2d 351, 360–61 (Iowa 1983); *Frederici*, 338 N.W.2d at 159; *In re Marriage of Jerome*, 378 N.W.2d 302, 305 (Iowa App.1985). While stability is important in a child's life, stability can be nurtured as much by leaving children with the same custodial parent as leaving them in the same neighborhood. *Jerome*, 378 N.W.2d at 306.

*In re Marriage of Behn*, 416 N.W.2d 100, 101 (Iowa App.1985).

The record indicates Barbara successfully raised Amanda and Brad in her own home in Des Moines for eight years prior to moving to Denison. The children have become accustomed to Barbara being their custodial parent. Barbara moved the chil-

dren to Denison after securing employment there following her promotion to operating manager in September 1990.

We do not believe a parent granted custody should be prevented from moving to another city unless there is a specific showing that the move would be against the child's best interests. *See In re Marriage of Deck,* 342 N.W.2d 892, 895 (Iowa App. 1983). Thomas has failed to make such a showing in this case. "[T]he parent having physical care of the children must, as between the parties, have the final say concerning where their home will be. This authority is implicit in the right and responsibility to provide the principal home for the children." *Frederici,* 338 N.W.2d at 159. The right would be meaningless if the other parent could prohibit its exercise.

In addition, Thomas has failed to achieve his burden of proving he is better able to minister to the children's well being. Thomas has produced no evidence indicating Barbara is unfit to provide for the children's needs. A custody investigator's report was conducted in this case between April 4, 1991, and July 1, 1991, by clinical psychologist Janet S. McDonough, Ph.D., which reveals that both parents appear competent to parent the children. McDonough states, "In sum, I found much that indicates considerable parenting strength for Barbara. Her relationship with Bradley appears trouble-free and appropriate. Her relationship with Amanda is presently troubled although most likely fundamentally sound." Thomas agrees that absent the move everything seemed to be working well among himself, Barbara, and the children.

 Next, Thomas contends he is entitled to retroactive child support for the period of time he had temporary custody of the children. The temporary custody order did not require Barbara to pay child support. In addition, the order suspended Thomas's obligation of child support during the time he had physical custody of the children. At no time while the children were living with Thomas did he pay child support to Barbara. Thomas is not entitled to the requested child support.

Finally, Thomas argues he should be awarded trial attorney fees in this case. Iowa Code section 598.36 provides, "In a proceeding for the modification of an order or decree under this chapter the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court." Since Thomas has not prevailed here, he is not entitled to trial attorney fees.

 Barbara requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). Thomas shall contribute $1500 toward Barbara's attorney fees on appeal.

AFFIRMED.