# IN THE COURT OF APPEALS OF IOWA

No. 14-1569
Filed October 14, 2015


**SASCHA NATIKA STALEY,**
        Plaintiff-Appellant,

**vs.**

**TYLAND ANTONIO SIMMONS,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Dallas County, Paul R. Huscher,

Judge.


        Sascha Staley appeals the district court's denial of her petition to modify

an Indiana court's order regarding custody, support, and visitation pertaining to

her son and the child's father, Tyland Simmons.  **AFFIRMED.**



        Felicia M. Bertin Rocha of Bertin Rocha Law Firm, Urbandale, for

appellant.

        Tyland Antonio Simmons, Fort Wayne, Indiana, appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Sascha Staley appeals the district court's denial of her petition to modify an Indiana court's order regarding custody, support, and visitation pertaining to her son and the child's father, Tyland Simmons.

## I. Factual and Procedural Background

Staley began a relationship with Simmons and became pregnant with his child in Indiana. She moved to her native Alaska, and the child was born in Alaska in 2003. The couple reconciled, and Staley moved back to Indiana with the child. Soon Staley left Simmons again; she and the child moved to Iowa. Staley and Simmons managed visitation without court intervention.

In September of 2006, Simmons asked for visitation with the child for two weeks. He absconded with the child at that time. The child was returned to Staley in Iowa in December of 2006. Simmons had initiated legal proceedings in Indiana to obtain custody of the child. Staley appeared before the Indiana court pro se. On May 30, 2007, the Indiana court ordered joint legal custody and awarded physical care to Staley. It ordered Simmons to pay twelve dollars per week in child support. It further ordered visitation pursuant to the parties' agreement as described in handwritten notes on the guardian ad litem's trial exhibits.[1]

In October 2007, Simmons moved to California, where he coached high school basketball and started an athletic apparel company. He did not exercise

---

[1] The Indiana court also "direct[ed] [Simmons's] attorney to draft a proposed specific visitation/parenting time Order and circulate same to the parties for review and approval prior to submitting to the Court for review and entry." According to the Indiana case summary prepared by the Indiana courts for the purposes of this Iowa litigation, no such order was ever presented to the Indiana court by Simmons's counsel.

any visitation with the child until 2010. In 2010, Simmons visited Staley and the child in Iowa. He next had visitation with the child in the summer of 2012. Simmons asked for visitation in Indiana and Georgia, to which Staley agreed. Simmons instead took the child to St. Louis for most of the visitation period. In the summer of 2013, Simmons again asked for visitation in Indiana and Georgia. He took the child to South Carolina instead. Throughout this period, Simmons refused to provide Staley with his addresses or other contact information in California, St. Louis, or South Carolina.

Staley filed a petition in Dallas County district court to modify the child support, legal custody, and visitation provisions of the Indiana court's 2007 order. She struggled to personally serve Simmons—Simmons went so far as to lie to a process server about his identity. She eventually succeeded in serving him at a basketball game in Indiana. Simmons then initiated legal proceedings in Indiana. Following a court conference between the Indiana and Iowa courts, Indiana relinquished jurisdiction and Iowa assumed jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act. *See* Iowa Code ch. 598B (2013).

The Iowa court ordered Simmons to comply with discovery requests and to pay child support. Simmons failed to do so. Staley claimed she was unable to initiate contempt proceedings because she could not locate Simmons to serve him the necessary documentation. Simmons participated in a pre-trial hearing on the parties' motions by telephone and requested leave to participate in the modification trial telephonically. The district court denied the request.

Trial was held on August 21, 2014. Simmons failed to appear, and no attorney appeared on his behalf. The district court held him in default. Staley

presented her case with documentary exhibits and her testimony. The district court admitted all Staley's evidence but concluded she had failed to satisfy her burden of proof of a material change in circumstances on her modification requests. The court denied all three of Staley's claims. Staley now appeals.[2]

## II. Standard of Review

Actions for modification of child support, legal custody, and visitation orders lie in equity; we review de novo.[3] *See In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006); *Nicolou v. Clements*, 615 N.W.2d 905, 906 (Iowa Ct. App. 1994). "We examine the entire record and decide anew the legal and factual issues properly presented and preserved for our review." *In re Marriage of Wade*, 780 N.W.2d 563, 565–66 (Iowa Ct. App. 2010). We give weight to but are not bound by the district court's findings of fact, and we will only disturb the district court's ruling if it has failed to do equity. *See In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014).

---

[2] Simmons has not filed a responsive brief or otherwise participated in this appeal.

[3] Staley asserts we should review for correction of errors at law and an abuse of discretion. She misapprehends the district court's ruling. She claims the district court moved sua sponte to dismiss her petition. She then relies on our rules and cases regarding motions to dismiss to support her conclusion that we now review for errors at law. *See McGill v. Fish*, 790 N.W.2d 113, 116 (Iowa 2010); *Turner v. Iowa State Bank & Trust Co.*, 743 N.W.2d 1, 3 (Iowa 2007) (citing Iowa R. Civ. P. 1.421(1)(f)). However, the district court clearly ruled on the merits of Staley's petition for modification, concluding she "failed to prove that there has been a substantial and material change in circumstances . . . ." The court's dismissal of the petition is predicated upon its substantive denial of the claims. We therefore review de novo. We further reject Staley's claims that the district court's dismissal was an error of law or implicates *res judicata* principles; both of these claims are based upon her mischaracterization of the district court's ruling as a sua sponte dismissal.

**III. Discussion**

Staley appeals the district court's denial of her petition to modify (1) the Indiana court's child support order, (2) its award of joint legal custody, and (3) its visitation order.

A. Child Support

To justify the modification of Indiana's child support order, Staley must prove by a preponderance of the evidence a substantial change in Simmons's financial circumstances since that order. *See id.* at 381–82; *see also* Iowa Code § 598.21C(1) (delineating the considerations used to determine whether a substantial change in circumstances has occurred). Staley argues there has been a significant change in Simmons's "employment, earning capacity, income, or resources." *See* Iowa Code § 598.21C(1)(a).

At the time of the initial child support order in May 2007, Simmons asserted he was unemployed, and the Indiana court ordered Simmons to pay twelve dollars per week. Simmons claimed at the pre-trial hearing on the parties' motions in 2014 that he was unemployed.[4] Staley contests his claim. She presented to the district court evidence obtained from internet web sites showing Simmons had been serving as an assistant basketball coach in a California high

---

[4] Though Simmons did not appear at trial, he appeared telephonically for a pre-trial hearing on the parties' motions, at which he testified:

> The Court: Are you employed, sir?
> Simmons: No, sir.
> The Court: And how are you supporting yourself if you are not employed?
> Simmons: My parents actually are—actually paying for all the bills because [I am staying in] their house. They are helping me with food. I'm borrowing money.

school for at least five years. She also presented evidence Simmons owned an athletic apparel company, iBall Clothing Company.

Staley argues the district court should have presumed Simmons earns $161,000 annually. However, she arrives at the $161,000 figure purely by speculation. She estimates Simmons earns $61,000 per year as an assistant high school basketball coach because she claims a Junior Varsity Head Coach at the same school earns $62,700 per year with five years of experience.[5] There was no evidence presented to suggest an assistant coach like Simmons earns income approaching that of a head coach or even to suggest the assistant coach position is a paid position. She estimates Simmons's role in iBall Clothing Company earns him $100,000 per year. This figure is assigned arbitrarily, allegedly arising from circumstantial information about the company's success. Simmons, on the other hand, has claimed the company is failing and earns him no income.[6] Staley's $161,000 estimate is not supported by any evidence in the record.

We agree with the district court: Staley has not shown a substantial change in Simmons income to support modification of the Indiana court's child support order. We acknowledge Staley's claim that Simmons was uncooperative with discovery and she "used the best evidence available to her." While she has presented some evidence to suggest the possibility that Simmons's actual

---

[5] Staley's calculation of the Junior Varsity Head Coach salary is also suspect. Staley offered a pay scale into evidence that seemingly shows the Junior Varsity Head Coach is paid $4180. Staley assumes but does not prove that the $4180 figure is paid weekly throughout the season rather than as a one-time stipend.

[6] In his answers to Staley's interrogatories, Simmons stated, "iBall Clothing Company is closing down due to lack of accounts, and debt from taxes."

income or earning capacity has improved since 2007, the suggestion of a possibility cannot satisfy Staley's burden to prove a substantial change by a preponderance of the evidence.[7] We affirm the denial of modification of child support.

### B. Legal Custody

To modify the custody provisions of the Indiana court order, Staley must "establish by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the child[]'s best interests make it expedient to make the requested change." *In re Marriage of Winnike*, 497 N.W.2d 170, 173 (Iowa Ct. App. 1992) (citing *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). We strongly favor joint legal custody, and we deviate from that preference only under "the most compelling circumstances." *Id.* Once joint custody is set, "it should be disturbed for only the most cogent reasons." *Frederici*, 338 N.W.2d at 158. A change in circumstances supporting modification must not have been within the contemplation of the Indiana court at the time of its order, and the change must be more or less permanent and relate to the child's well-being. *See In re Marriage of Walton*, 577 N.W.2d 869, 870 (Iowa Ct. App. 1998).

---

[7] Staley asserts the district court abused its discretion when it did not impute $161,000 as Simmons's income because he was in default. A court may elect to impute income in determining an equitable support award. *See, e.g.*, *In re Marriage of Swan*, 526 N.W.2d 320, 323–24 (Iowa 1995); *In re Marriage of Bennett*, No. 02-2073, 2004 WL 370245, at *3 (Iowa Ct. App. Feb. 27, 2004). However, we find no support in our case law for the proposition that a court should impute income to one party based on speculative figures alleged—but not proved—by the adverse party for the purpose of establishing a substantial change in circumstances. The district court did not abuse its discretion in declining to do so.

Staley first relies on past incidents of domestic violence and on Simmons's abduction of the child in 2006. These incidents pre-date the Indiana court order and were therefore in that court's contemplation at the time joint legal custody was fixed. Staley goes on to claim Simmons remains emotionally and verbally abusive toward her at the present time. She also claims he smokes marijuana "on a daily basis." She presented no evidence other than her conclusory testimony to support these claims.

Staley's arguments before the district court and before this court on appeal focus primarily on which parent should have sole legal custody. She discusses at length the principles we consider in fixing custody. *See In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). However, she fails to recognize that *Winter* concerns an initial custody determination rather than a modification.[8] *Id.* Her arguments conflate Iowa courts' duty to determine whether joint legal custody is in the best interests of the child in an initial custody determination with their duty to determine whether a material and substantial change in circumstance permits modification of a previous order.

Staley impugns Simmons's behavior and lifestyle, but she has not shown in what way they are different than they were at the time of the 2007 order. We agree with the district court that Staley has not shown a material and substantial change in circumstances by a preponderance of the evidence such that the order for joint legal custody should be modified to sole custody.

---

[8] Insofar as Staley asserts the district court's failure to consider *Winter* was legal error or an abuse of discretion, we reject her claim. *Winter* does not consider whether a material and substantial change in circumstances to support modification has occurred and is therefore inapposite to the district court's basis for its decision.

C. Visitation

"The burden upon the petitioner in a modification of visitation rights differs from the burden upon him or her in a modification of custody." *Nicolou*, 516 N.W.2d at 906. A "much less extensive change of circumstances need be shown." *Id.* (citing *Donovan v. Donovan*, 212 N.W.2d 451, 453 (Iowa 1973)). Staley must show merely a change in circumstances—not a *substantial* change in circumstances—to support modification of visitation rights. *Id.* (citing *In re Marriage of Jerome*, 378 N.W.2d 302, 305 (Iowa Ct. App. 1985)).

The district court denied Staley's request to modify visitation. Following trial, the court ruled orally: "This court cannot determine what visitation specifically was established in this case, other than it is apparently a visitation pursuant to the Indiana parenting guidelines. Accordingly, this court cannot determine whether or not it is appropriate to modify that visitation agreement."[9] Its oral ruling did not consider whether a change in circumstances occurred. However, it memorialized its rulings in an order filed on August 21, 2014. That order states, "The court finds that the Petitioner failed to prove that there has been a substantial and material change in circumstances since the entry of the prior decree which would warrant a modification of custody, *visitation* or support." Here the district court applies the incorrect standard for modification of visitation.

---

[9] The district court's reference to the Indiana parenting guidelines indicate the court considered the Indiana court's temporary visitation orders—which do refer to the Indiana parenting guidelines—but not the Indiana court's final May 30, 2007 order—which orders visitation pursuant to the parties' agreement and *without* reference to the Indiana parenting guidelines. However, the court correctly noted there was no evidence of the specific terms of the previous visitation schedule.

On our de novo review, we find Staley has satisfied her burden to show a change in circumstances sufficient to warrant a modification of the visitation provisions of the Indiana court's order. The record shows that Simmons moved to California in October 2007. Though Simmons travelled between California and Indiana between 2007 and 2014, Staley provided evidence showing he continued to coach high school basketball in California during the 2013 and 2014 school year. She provided print-outs of Simmons's social media activity in August and September of 2013 in which Simmons tagged himself in California. She also provided print-outs of the high school's website from August of 2014 with Simmons's assistant coach profile, which states he is currently in his fifth year as an assistant coach.

Simmons provided an Indiana address during discovery and claimed in a pre-trial hearing that he had moved to that address in the fall of 2013, but evidence of his status as a coach and presence in California during the same period belies his claim. Simmons's move to California is a change in circumstances sufficient to modify visitation. *See Frederici*, 338 N.W.2d at 159; *In re Marriage of Lower*, 269 N.W.2d 822, 826–27 (Iowa 1978); *In re Marriage of Thielges*, 623 N.W.2d 232, 238 (Iowa Ct. App. 2000); *see also In re Marriage of Yazigi & Nahra*, No. 13-1553, 2015 WL 1046129, at *2 (Iowa Ct. App. Mar. 11, 2015).

However, a parent seeking modification of a visitation order bears an additional burden to prove "that the requested change in visitation is in the best interests of the [child]." *In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994). We find Staley has failed to satisfy this burden. Though she

offered the Indiana court's previous order into evidence, the order incorporates by reference the parties' agreement and the handwritten notes of the guardian ad litem. The order contemplates a permanent visitation order to be drafted by Simmons's counsel, reviewed and approved by both parties, and entered by the court at later date. In the current proceedings, Staley failed to offer evidence establishing the terms of the parties' agreed upon visitation schedule, as they are not apparent from the record. The guardian ad litem's handwritten notes only apply to the 2007–08 school year. Staley failed to address the status of the permanent visitation order contemplated by the Indiana court. Additionally, Staley failed to provide the district court with a proposed visitation order in support of her petition to modify. She merely requested "reasonable supervised visitation."

Between Staley's failure to show the actual terms of the visitation order she wishes to modify and her failure to propose actual terms for the requested modification, we are unable to determine whether or what modification may be in the child's best interests. She has therefore failed to satisfy her burden of proof, and the district court properly denied her request to modify visitation. *See id.*

## IV. Conclusion

As to child support and legal custody, Staley has failed to show a substantial change in circumstances necessitating modification of the Indiana court order. As to Staley's request to modify the visitation provisions of that order, we find she has shown a change in circumstances that supports such a

modification.    However, we find she has failed to prove modification is in the child's best interests.  We affirm the district court.

**AFFIRMED.**