**IN THE COURT OF APPEALS OF IOWA**

No. 15-0110
Filed October 28, 2015

**IN RE THE MARRIAGE OF ALICIA D. DAY**
**AND CHRISTOPHER L. DAY**

**Upon the Petition of**
**ALICIA A. DAY, n/k/a ALICIA D. O'DELL,**
   Petitioner-Appellant,

**And Concerning**
**CHRISTOPHER L. DAY,**
   Respondent-Appellee.
_____

  Appeal from the Iowa District Court for Wapello County, Annette J. Scieszinski, Judge.

  Alicia O'Dell appeals the district court's modification of visitation rights granted to her former husband, Christopher Day. **AFFIRMED.**

  Heather M. Simplot of Harrison, Moreland, Webber & Simplot, P.C., Ottumwa, for appellant.

  James E. Brick of Brick Gentry, P.C., West Des Moines, for appellee.

  Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Alicia O'Dell appeals the district court's modification of visitation rights granted to her former husband, Christopher Day, asserting expanded visitation was not warranted due to the lack of material change of circumstances. Noting Alicia's increased control over visitation opportunities, the district court found additional visitation with Christopher would benefit the minor children. We agree and affirm.

**I. Background Facts and Procedure**

Alicia and Christopher's marriage was dissolved in 2009, by a decree incorporating the parties' stipulation. This appeal involves four specific points of visitations as initially provided in the 2009 decree: (1) Christopher shall have alternate weekends from 7:00 p.m. on Friday to 7:00 p.m. Sunday; (2) each party shall have the children one-half of the Easter holiday each year; (3) Christopher shall have the children Christmas Eve Day each year from 5:00 p.m. until 10:00 p.m. and Christmas Day each year from 2:00 p.m., and overnight until 10:00 a.m. on December 26; and (4) summer visitation of three weeks to be exercised in no more than one-week periods during the summer months that the children are not in school.

The modification court made the following adjustments, which Alicia contests: (1) the parties shall share alternate weekends from 3:30 p.m. on Friday until 8:00 p.m. on Sunday; (2) Easter Day, the children shall be with Alicia from 8:00 a.m. to 11:00 a.m., and with Christopher from 11:00 a.m. until 8:00 p.m.; (3) with regard to Christmas, in even years, Christopher shall have visitation from 10:00 p.m. December 24th until 2:00 p.m. on December 25th, and in odd years,

he shall have visitation from 4:00 p.m. until 10:00 p.m. on December 24th and from 2:00 p.m. December 25th until 12:00 noon on December 26th; and (4) with regard to summer vacation, Christopher shall have visitation during alternate weeks, from Monday at 8:00 a.m. until Monday at 8:00 a.m. beginning the first full week that school is in recess, through the last full week of recess before school starts in late summer. Alicia appeals.

**II. Scope of Review**

Our review of modification decisions is de novo. *In re Marriage of Salmon*, 519 N.W.2d 94, 95 (Iowa Ct. App. 1994). We recognize the reasonable discretion of the trial court to modify visitation rights and will not disturb its decision unless the record fairly shows it has failed to do equity. *Id.*

To justify a change of visitation rights, the petitioner must show there has been a change of circumstances since the divorce decree. *Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). However, as compared to changes in the child custody arrangements, the general rule is that a much less extensive change of circumstances need be shown when visitation is at issue. *Id.* The rationale of the above rule is that the best interest of a child ordinarily requires continuing association with the noncustodial parent unless the contrary is clearly shown. *Donovan v. Donovan*, 212 N.W.2d 451, 453 (Iowa 1973). Therefore, the parent seeking to modify child visitation provisions of a dissolution decree must establish by a preponderance of the evidence there has been a material change in circumstances since the decree and the requested change in visitation is in the best interests of the children. *Salmon*, 519 N.W.2d at 95–96.

Additionally, because the district court has the advantage of hearing the evidence first hand and observing the demeanor of the witnesses, its decision-making process is greatly enhanced and not forgotten on appeal. *In re Marriage of Brainard*, 523 N.W.2d 611, 614 (Iowa Ct. App. 1994).

### III. Material Change of Circumstances

Alicia asserts Christopher has failed to show a material change of circumstances since 2009, such that it would justify the court's visitation modifications. She posits that, if the court concludes this minimal change of circumstances warrants modification, the number of people relitigating visitation issues would create a backlog in the court system. Hence, her position is the court has failed to do equity. Christopher responds he was forced to seek judicial intervention as he was frequently being denied time with his children, which leaves him at Alicia's mercy in sharing parental guidance.

The modification court detailed the declining dynamics between Alicia and Christopher. It noted a growing "communication deficit" fueled by Alicia wielding tighter and tighter control as the children's caregiver. Far from following the spirit of the 2009 stipulation encouraging "such other and further visitations as the parties may from time to time agree and that are in the best interest of the minor children," the modification court found Alicia exerted "arbitrary control" and was "willing to shut Chris out of mainstream involvement as a parent figure."

On our review of the record, and with deference to the district court, we agree. While Alicia is correct that the court cannot be asked to solve every dispute that arises between divorced parties, there comes a point in some relationships that require judicial intervention to serve the best interests of the

children. In this case, all of the court's observations and findings were geared not to punish nor reward either parent but to ensure the minor children receive the companionship and guidance of both parents. When faced with the behavior of one parent attempting to thwart the involvement of the other, the court wisely found a material change of circumstances and expanded the non-custodial parent's visitation rights. *See Salmon*, 519 N.W.2d at 95–96 (noting the visitation schedule must be in the children's best interests). We therefore affirm.

## IV. Trial and Appellate Attorney Fees

Finally, Alicia claims the district court should have awarded her attorney fees. We review for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). The district court set forth the legal fees each party had accrued to date, considered each party's income, and noted both had been well and efficiently represented. We agree with the court's decision in this regard, and consequently, we find no abuse of discretion. *See id.*

Alicia also seeks appellate attorney fees.

> Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. Factors to be considered in determining whether to award attorney fees include: "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."

*Id.* (citation omitted). Given these considerations, we decline to award Alicia appellate attorney fees.

For these reasons, we affirm the order of the district court modifying the visitation schedule for the parties' two minor children.

**AFFIRMED.**