# IN THE COURT OF APPEALS OF IOWA

No. 15-1557
Filed April 27, 2016

**HEATHER DAWN HELM,**
     Petitioner-Appellee,

**vs.**

**THOMAS M. SCHWARTZ,**
     Respondent-Appellant.
_____

     Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


     The father appeals from the order modifying the parties' decree establishing paternity, custody, visitation, and support.  **AFFIRMED.**



     David Brick and Allison M. Steuterman of Brick Gentry, P.C., West Des Moines, for appellant.

     Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des Moines, for appellee.


     Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals from an order modifying the parties' decree establishing paternity, custody, visitation, and support. The modification order was entered pursuant to a mediation agreement between the parties, an agreement to which the father no longer wishes to be bound. On appeal, he advances several reasons why the modification order was improper and why he should not be bound by the underlying mediation agreement. We affirm the judgment of the district court.

I.

Thomas Schwartz and Heather Helm are the parents of D.S., born in 2007. The district court entered a decree establishing paternity, custody, visitation, and support on April 18, 2011. Pursuant to the decree, the parties were granted joint legal custody of the child, Helm was granted physical care of the child, and Schwartz was granted liberal visitation.

On November 27, 2013, Helm filed an application for modification of the parties' decree, alleging Schwartz's inconsistent and unsafe living conditions created a substantial change in circumstances. On May 9, 2014, the parties entered into a mediation agreement "as a full and complete resolution of the pending Modification filed by the Petitioner." The mediation agreement provided the parties "shall participate in a custody evaluation with Dr. Keri Kinnaird." The purpose of the evaluation was "to determine whether the parties' current parenting arrangement is still viable or if the same should be modified." The mediation agreement further stated the "parties agree that they shall be bound by the recommendation of Dr. Kinnaird, and by doing so, there will be no trial." The

mediation agreement also stated "[e]ach party understands that, unless permitted to do so by the Court, the parties will be bound by the terms and conditions they agreed to herein." On May 9, 2014, the district court entered an order approving the stipulation and agreement and appointing Dr. Kinnaird as the custody evaluator.

On November 14, the custody evaluator's report was filed with the court. The evaluation was based on multiple interviews with the family, parent-child-interaction observations, personality tests, and collateral phone contacts. The evaluator recommended Helm have physical care of D.S. and Schwartz's visitation with D.S. be decreased but made more regular due to the father being "too busy" when D.S. was in his care. The evaluator noted, "Perhaps if father-daughter time is scheduled on consistent days on a set schedule, rather than rotating as it is currently, and also occurs less frequently, Mr. Schwartz will be able to focus more on her when he is with her."

On January 16, 2015, Helm filed a motion to enforce the mediation agreement, which Schwartz resisted. Schwartz contended the evaluator's process was flawed. He also contended the mediation agreement was unenforceable because the parties did not explicitly stipulate to a change in circumstances. He also contended the mediation agreement was void because it improperly delegated authority to modify the decree to a non-judicial officer. On March 6, 2015, the district court entered an order requiring the parties to take depositions to "present evidence on the issues raised by the respondent regarding that process, as well as whether Dr. Kinnaird's recommendations are appropriate and otherwise in the best interests of the child."

On July 21, 2015, the district court granted Helm's motion to enforce the parties' mediation agreement. In the order granting the motion, the district court made independent findings that Dr. Kinnaird's recommendations regarding modification and visitation were in the best interests of the child:

> Based upon this Court's findings and legal conclusions, the Court is of the opinion that respondent has not established that Dr. Kinnaird's report was flawed and based upon inaccuracies that would invalidate her recommendation as set out in her report. Furthermore, the Court finds that her recommendations are in the best interest of L.S. and the mediation agreement should be enforced.

On August 18, 2015, the district court entered its modification order. The district court reduced Schwartz's visitation with D.S. in accord with Dr. Kinnaird's recommendations.

## II.

Our review is de novo. *See Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994). We examine the entire record and adjudicate rights anew on the issues properly preserved and presented. *See id.* We give weight to the findings of the district court, especially when considering the credibility of witnesses. *Id.*; *see also* Iowa R. App. P. 6.904(3)(g).

## A.

Schwartz contends the modification order is improper because the parties did not explicitly stipulate to, and the district court did not explicitly find, a change in circumstances as a prerequisite to modification of the decree. As a general rule, the parent seeking to modify visitation must show there has been a change in circumstances since the entry of the original decree. *See Donovan v. Donovan*, 212 N.W.2d 451, 453 (Iowa 1973); *see also Nicolou*, 516 N.W.2d at

906. Under the circumstances, we disagree the parties had to explicitly state or the district court had to explicitly find a change in circumstances. The parties entered into a mediation agreement to resolve the modification action. A stipulation and settlement in a family law proceeding "is a contract between the parties." *See In re Marriage of Jones*, 653 N.W.2d 589, 593 (Iowa 2002). The agreement is "enforceable like any other contract, and a party may not withdraw or repudiate the stipulation prior to entry of judgment by the court." *Id.* It was sufficient for the parties to settle their dispute subject to the district court's approval even in the absence of proof of a change in circumstance. *See, e.g.*, *In re Jorgensen*, 2015 WL 9451088, at *2 (Iowa Ct. App. Dec. 23, 2015) (noting parties can stipulate to modification without a showing of change in circumstances); *In re Marriage of Ruckman*, No. 13–1920, 2014 WL 3748601, at *7-9 (Iowa Ct. App. July 30, 2014) (modifying custody without a substantial change in circumstances when stipulated original decree allowed for modification absent a substantial change and modification was in the best interests of the child).

Independently, on de novo review, we conclude there was a change in circumstances. The changes were set forth in Dr. Kinnaird's report, recommendation, and deposition. They included, but were not limited to: Schwartz being "too busy" to spend time with the child during his parenting time; Schwartz not taking D.S. to her extracurricular activities; Schwartz's frequent changes of residence; and the "peer-like relationship" between Schwartz and D.S. The changes were referenced by the district court in its order granting Helm's motion to enforce the mediation agreement. The changes are significant

enough to meet the lower threshold required in cases involving the modification of visitation rights. *See Donovan*, 212 N.W.2d at 453 ("However as to modification of visitation rights as compared to child custody changes the general rule is that a much less extensive change of circumstances need[s to] be shown in visitation right cases.").

B.

Schwartz argues the mediation agreement filed on May 9, 2014 is void as a matter of law because the authority to modify the prior decree was improperly granted to a non-judicial third party. "It is well established that the district court is the only entity that can modify a custody or visitation order, subject to the review of the appellate courts." *In re Marriage of Stephens*, 810 N.W.2d 523, 530 (Iowa Ct. App. 2012). The "obligation to modify a decree cannot be delegated to any person or entity because that person or entity has no jurisdiction to render such a decision." *Id.* The court has the "responsibility to make an impartial and independent determination as to what is in the best interests of the child, and this decision cannot be controlled by the agreement or stipulation of the parties." *Id.* at 531. "While the district court [can] seek and consider the therapist's recommendations only the district court [can] modify the decree after the parties" had the right to be heard. *Id.*

The father's argument is unavailing. The cases upon which the father relies are distinguishable; each of the cases involved a situation in which a therapist or counselor was allowed to change care or visitation arrangements without judicial oversight. In this case, the district court acknowledged it was improper to delegate authority to modify the parties' decree to a non-judicial

officer. The district court recognized it was not bound by the parties' mediation agreement and it had "the responsibility to determine whether the provisions upon which the parties have agreed constitute an appropriate and legally approved method of disposing of the contested issues." *Jones*, 653 N.W.2d at 593. The district court afforded Helm and Schwartz the opportunity to depose witnesses and gather evidence regarding the custody evaluator's process and recommendation. The district court then made an independent determination that modification of the parties' decree was in the best interests of the child. There was no delegation of final decision-making authority in this case.

III.

We affirm the district court's modification order. On the facts presented here, the father had no right to withdraw his acceptance of the mediation agreement. *See, e.g., In re Marriage of Oehler*, No. 98-1257, 1999 WL 710820, at *3 (Iowa Ct. App. Aug. 27, 1999) ("Once Lonnie agreed to the settlement, he had no right to repudiate his acceptance prior to the district court's final order approving the joint stipulation for modification."). The district court independently found and concluded it was in the best interests of the child to modify the decree.

Helm requests $1500 in appellate attorney fees. We have the discretion to award attorney's fees on appeal. *See In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). When determining whether an award of appellate attorney fees is appropriate, we look to the requesting party's financial needs, the other party's ability to pay, and whether the requesting party was obligated to

defend the trial court's ruling on appeal. *See id.* We have considered these factors and decline to award appellate attorney fees to Helm.

**AFFIRMED.**